---
Hodson vs. Carter.
---

---

## HODSON vs. CARTER.

1. AGREEMENT — EVIDENCE. — Where an action was brought to recover damages for the nonperformace of an agreement for the sale of a quantity of barley, signed by the vendor only, which recited that it was " agreed with C., the defendant, for the barley at thirty cents per bushel, to be delivered to H., the plaintiff: " *Held*, that such writing contained all the essentials of a contract, and contained *prima facie* evidence of the assent to and acceptance of it by H., the plaintiff.

Hodson vs. Carter.

2. SAME — STATUTE OF FRAUDS. — The statute of frauds, which requires the memorandum of certain contracts " to be subscribed by the party to be charged therewith," does not require it to be signed by both parties to the contract; but it will be upheld and enforced if signed only by the party sought to be charged thereon by a suit. *Cheney v. Cook*, 7 Wis., 413.

3. SAME — ACTION. — In an action upon a contract not under seal, it is competent for the plaintiff to show, by parol, that he is the party for whose sole benefit it was made, although the engagement be not directly to or with him. *Kimball v. Noyes*, 17 Wis., 695.

(3 Chand., 234.)

ERROR to the Circuit Court for *Rock* County.

This was an action of assumpsit brought in justice's court by *Hodson* against *Carter* to recover damages for the nondelivery of four hundred bushels of barley, as specified in the written agreement set out in the opinion of this court, and the plaintiff had judgment for damages, from which the defendant appealed to the circuit court. At the trial in that court, the said written agreement was put in evidence, and oral evidence was given, showing that *Hodson* was the proprietor of the Janesville brewery at the time the contract was made, and that the defendant did not deliver any barley. Proof was given that barley was worth forty-two cents per bushel in December, 1847; and one witness testified to a conversation which occurred between the plaintiff and defendant September 30, 1847, about the barley, when the defendant had some with him, at which plaintiff looked, and defendant asked him if he did not want some of it; that plaintiff said he was not prepared to receive it; that he gave him all the barley was worth; that defendant said he could get more for it than he gave him. Counsel for plaintiff offered to show that the contract executed by the defendant was written in an account book belonging to the plaintiff, and kept at the Janesville brewery, the plaintiff's place of business, and was in his handwriting. but, objections being made, the court excluded the evidence.

The circuit judge charged the jury that the plaintiff was not

entitled to recover, because the agreement did not appear to have been assented to by the plaintiff before the time when the barley was to have been delivered, and because the contract was not signed by the plaintiff, and the proof did not show that he was the person to whom the contract was delivered, or with whom it was made. The plaintiff moved for a new trial on the ground of misdirection of the circuit judge, but the motion was overruled, and judgment was given for the defendant; and the plaintiff brought his writ of error.

*J. A. Sleeper*, for plaintiff in error, argued that there was evidence in the case which ought to have been submitted to the jury to show that the contract was made as alleged, and cited *Russell v. Nicoll*, 3 Wend., 112; *Hawkins v. Chase*, 19 Pick., 502. And it was not necessary that both parties should have signed the agreement; that the signature of the party to be charged was sufficient. *Clason v. Bailey*, 14 Wend., 484; *Roget v. Merrill*, 2 Caines, 117; that the acceptance of the agreement by the plaintiff, containing stipulations to be performed by the defendant, created a liability on the contract, though not signed by the plaintiff.

*D. Noggle*, for defendant in error.

HOWE, J. This was an action of assumpsit, wherein the plaintiff in error sought to recover of the defendant in error, damages for the nondelivery of 400 bushels of barley. Upon the trial of the cause in the circuit court for Rock county, the plaintiff introduced as evidence of the agreement, a writing, of which the following is a copy, viz:

"JANESVILLE BREWERY, SEPT. 13, 1847.

"Agreed with *A. M. Carter* for 400 bushels of good barley, at 30 cents per bushel, to be delivered in December next; the undersigned, *A. M. Carter*, agreeing to deliver the same to *William Hodson*.                    A. M. CARTER."

There was some other testimony introduced for the purpose

Hodson vs. Carter.

of showing the connection of the plaintiff with the instrument above copied, which I do not think it necessary here to refer to. The court charged the jury (as we are informed by the bill of exceptions) " that, under the proofs in the cause, the plaintiff was not entitled to a verdict, because the agreement upon which the plaintiff sought to recover was not proven to have been accepted by the plaintiff before the time when the barley (by its terms) was to have been delivered, had expired ; and further, because the contract was not signed by the plaintiff, and the proof did not show that he was the person to whom the contract was delivered, or with whom it was made." To this charge the plaintiff excepted, and this exception is the only one I propose to consider.

The charge seems to combine three legal propositions, each one of which is submitted as a bar to the plaintiff's right to recover. These propositions are as follows:

1. The instrument offered in evidence by the plaintiff is not evidence of a complete contract, because it does not contain the evidence of the plaintiff's consent thereto.

2. If a mutual contract is proved by the instrument, it is a parol contract, so far, at least, as the plaintiff is a party, not being signed by him, and so void under the statute of frauds.

3. Admitting a mutual and valid contract to be proved by the instrument, the plaintiff's right to sue upon it does not appear, because there is no evidence that it was made *with* him, or delivered *to* him.

In answer to the first proposition, it seems to me there is hardly less evidence of the plaintiff's assent than of the defendant's, to-wit: the written admission of the defendant himself. It is not denied that the defendant signed the instrument ; and, by his signature, I think he must be understood to affirm the truth of whatever the instrument, by its terms, asserts. And I think the instrument plainly asserts, not simply that *Carter* promised to deliver barley to *Hodson*, but that there was an agreement between some competent parties for the delivery of

barley by *Carter* to *Hodson*. When *A. M. Carter* asserts that he had "agreed" to deliver barley upon certain terms, he confesses, I think, more than the assent of his own mind to those terms. The legal definition of an agreement is, the consent of *two* or *more* persons, *concurring* respecting the transmission of some property, right or benefits, with the view of contracting an obligation. 1 Bou. Law Dic., Tit. "Agreement." To constitute an agreement, says Lord COKE, six things must concur; and he enumerates, as the *first*, *second* and *sixth*, a person able to contract; a person able to be contracted with; and the assent of the contracting parties. Co. Litt., 36, b. If either of these concomitants were wanting, there was no propriety in the defendant's affirming he had "agreed" to deliver the barley upon the prescribed terms. Having so affirmed, we think it is at least *prima facie* evidence of the existence of all those essentials.

But a more serious question arises upon the second proposition contained in the charge. Admitting the assent of both parties to be sufficiently proved, is not the agreement void for want of the signatures of both parties?

Our statute declares that every such contract shall be void, unless the "memorandum of such contract be subscribed by the parties to be charged therewith." Clear and concise as this language may seem to us, the language employed in the 29th Car., chap. 3, was, if possible, still plainer. It required the memorandum to be "signed by the parties to be charged by such contract."

And yet this language has been construed as not requiring the signatures of the parties to be charged with the contract, but as requiring simply the signature of the party to be charged by the suit. And this construction has been established, in spite of the earnest protest of Lord REDESDALE, through a series of adjudications, both at law and in equity, in England and in this country, by a weight of authority quite beyond the limits of questioning, and almost above the reach of criticism.

See, for a review of these authorities, *Clason v. Bailey*, 14 Johns., 484. In New York, this construction has received the sanction of direct legislative enactment; for, when the revisers of their statutes recommended a clause by which they proposed to restore the law in this respect to what they supposed must have been its original intent, requiring the signatures of both parties to the contract, the legislature refused to concur in the recommendation. See *Davis v. Shields*, 26 Wend., 341.

Again, it is objected that, though the agreement may have been properly executed and sufficiently proved, yet the plaintiff cannot recover upon it, because it does not appear that the agreement was made with him, or that the contract was delivered to him. But, in suits upon simple contracts, this does not seem to be a material inquiry. If the contract be not under seal, it seems to be a general principle that the party for whose sole benefit it is evidently made, may sue thereon in his own name, although the engagement be not directly to or with him. 1 Chit. Pl., 4, and cases therein cited.

We are therefore of opinion that the instructions given to the jury by the court below were erroneous, and that the judgment of the court below must be reversed.