VILAS vs. DICKINSON and another.

A bond for the conveyance of real estate to the obligee, at a price *to be paid by him*, becomes the contract of both parties when the obligee accepts a delivery of the bond, although it is signed and sealed by the obligor only.

APPEAL from the Circuit Court for *Crawford* County.

The case is stated in the opinion of the court.

*D. H. Johnson*, for appellant, cited *Howard vs. Jackson*, 2 Stew., 493; *Northrop vs. Speary*, 1 Day, 23.

*Wakeley &. Vilas*, contra, cited *Earl of Aylesford's Case*, Strange, 783; *Gale vs. Nixon*, 6 Cow., 445; *Lowry vs. Mehaffy*, 10 Watts, 387; *Patchin vs. Swift*, 21 Vt., 292; *Worrall vs. Munn*, 1 Seld., 229, 244; *Clason vs. Bailey*, 14 Johns., 484.

April 10    *By the Court*, COLE, J.   It appears to us that the complaint in this case sets forth a good cause of action. It states, in substance, that the respondent executed and delivered to the appellants a bond for a deed—setting out the bond in *hæc verba*—by which he bound himself in a penalty therein named, to convey to them certain lots in Prairie du Chien upon their making the payments therein prescribed. It appears from the instrument that it was only signed by the respondent, but it is alleged in the complaint that it was "accepted, ratified and adopted" by the appellants, who made some payments thereon, went into possession of the premises, and have paid the taxes, but have neglected to make the payments according to the condition of the bond, and to recover which the action is brought. It is averred that after the last payment became due, the respondent made

out and tendered a warranty deed of the lots, which the appellants refused to accept and pay the balance of the purchase money. Now the particular objection taken to the complaint is, if I correctly understand the argument made in support of the demurrer by the counsel for the appellants, that it is not alleged therein that the appellants promised and agreed to make the payments according to the terms and conditions of the bond. In other words it is said that, while it appears from the bond that the respondent was bound to convey the premises to the appellants upon their making certain payments, it was optional with them to make those payments or not, and there is nothing in the complaint showing that they ever agreed or promised to make them. But we think this is not a fair construction of the allegations of the complaint. It avers the making and execution of the bond, which shows that the respondent had bargained and sold to the appellants certain real estate for a certain sum to be paid by them in certain prescribed payments. It alleges that this bond was delivered to the appellants, and was accepted, ratified and adopted by them. Now as we understand the instrument, it contains or sets forth a contract between the parties, and not a mere refusal or offer of the property for such a sum, which the appellants might refuse or accept at their pleasure; and therefore when the complaint avers the making and delivery of that bond, and the acceptance, adoption and ratification thereof by the appellants, we deem this sufficient to show their liability for the purchase money unpaid. Were we to hold the complaint bad on account of the specific objection taken to it, we think we should be doing great violence to our statute, which requires that in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties.

In our opinion the complaint sets forth a good cause of action, and the demurrer was properly overruled.

The judgment of the circuit court is affirmed.