## LOWBER and another vs. CONNIT.

EQUITY: SPECIFIC PERFORMANCE: LAND CONTRACT: STATUTE OF FRAUDS. (1) *Action at law or in equity?* (2) *This action held to be one for a specific performance.* (3) *Land contract signed by vendor alone, accepted by vendee; statute of frauds not applicable.* (4) *Oral condition precedent to sale set up after delivery of the contract.* (5) *Parol evidence to vary the contract.* (6) *Specific performance refused for fraud.* (7) *Reversal on defendant's appeal; when new trial directed.*

1. The nature of the relief demanded in the complaint determines whether the action is at law or in equity.
2. Plaintiffs executed a written instrument, by whose terms they agreed, "for and in consideration of $800," to sell and convey to defendant, "for the sum of $850," certain real estate therein described; "said conveyance to be made within ninety days" from the date of said instrument, "at which time payment is to be made." The complaint avers that this instrument was executed by plaintiffs in pursuance of an oral agreement for the sale and purchase of the land; that on the day of its date they delivered said written contract to defendant, and he accepted it, and has ever since retained it, and that he "ratified and adopted" said contract; that plaintiffs then were and still are seized in fee of the lands described in it, etc.; that, on etc., they and their wives executed and acknowledged a deed conveying such lands in fee to defendant; that they then were and ever since have been ready and willing to deliver such deed to defendant on his paying them such sum of $850; that, on etc., they tendered defendant such deed, and demanded of him said sum of money, but he refused to accept the deed or pay the money. The judgment demanded is, that defendant pay plaintiffs said sum of $850, with interest, upon plaint-

iffs delivering to him the deed of conveyance aforesaid, or such other deed as the court may direct, or upon the deposit of such deed with the clerk of the court for defendant's benefit; and there is added a prayer for general relief. *Held*, that the action is *in equity*, for a *specific performance* of the contract.

3. A written contract for the sale and purchase of land, signed by the *vendor*, but not by the vendee, is not within the statute of frauds of this state (R. S., ch. 106, sec. 8); and, if delivered to the vendee, and accepted and adopted by him, it is binding upon both parties, unless affected by actual fraud.

4. It is settled that if the grantor of land does not intend his deed to take effect until some condition is performed, he must keep it himself or leave it in escrow with a *stranger*, and not deliver it to the grantee. And the same rule is here applied to the case of vendor and purchaser in a land contract.

5. Where a land contract, signed by the vendor only, but delivered to and accepted by the purchaser, provided for payment of the purchase price, and the execution of a deed of the lands, at a specified time: *Held*, that in an action by the vendor against the vendee for the purchase money, parol evidence would be inadmissible *to vary the terms of the written contract* by showing that defendant was not to pay for the lands, if, upon a personal examination by him, they were not found to correspond with certain representations made by the vendor.

6. Equity will refuse to enforce specific performance of a contract valid in law, where it appears that the same was procured by misrepresentation or other fraud; and will even, in an action for specific performance, rescind the contract, upon proof of such fraud, where that relief is demanded by defendant.

7. The court below having erroneously admitted parol evidence to vary the terms of the contract, and this court being in doubt whether defendant has not a good defense to the action for specific performance, or whether he might not set up a valid counterclaim for a recission of the contract, on the ground of misrepresentation, the judgment for defendant is reversed, and the cause remanded for a *new trial*.

APPEAL from the Circuit Court for *Dodge* County.

The complaint in this action alleged, in substance, that on October 26, 1872, plaintiffs executed and delivered to defendant the following agreement: "For and in consideration of $800, we, *Daniel A. Lowber* and *Henry H. Richards*, of Waupun, and the state of Wisconsin, hereby agree to sell and con-

vey to *H. E. Connit*, for the sum of $850, the following de-
scribed real estate, situated in Wood county, Wis.: the undi-
vided 1-3 of section 20, town 21, range 2 east; said conveyance
to be made within ninety days from this date, at which time
payment is to be made. In witness whereof," etc. [signed,
sealed and acknowledged]; that the plaintiff then owned said
lands, and by such agreement bound themselves to convey the
same as above stated, in consideration whereof defendant
agreed to pay them therefor $850; and that he accepted such
contract in writing on that day, and had ever since ratified and
adopted the same; that on November 26, 1872, and again on
February 8, 1873, plaintiffs made due tender to the defendant
of sufficient deeds, and were still ready and willing to deliver
the same, but defendant had refused to receive them or to com-
ply with his contract. Judgment was therefore demanded for
$850 and interest, upon the delivery by the plaintiffs of such
deeds as the court should direct, and for general relief.

The defendant admitted the making of the agreement by the
plaintiffs, but alleged that it was accepted by him only upon
the condition that the parties should go and see the land, and
if the same was as recommended, the contract should be bind-
ing, and that it was left optional with the defendant to accept
or not; that the plaintiffs represented said land to be good
cranberry land, and that there was but a small quantity of such
in that portion of the state; that the parties did examine
such land, and found such representations as to the quantity of
cranberry land untrue, whereby the value of the land was
greatly reduced; and that the defendant refused to take the
land, and gave the plaintiffs notice of such refusal, before the
expiration of the contract.

On the trial evidence was introduced, under objection, tend-
ing to show that both before and when the contract was made,
it was agreed that the bargain should be on the condition that
the defendant should go and look at the land, and that it should
prove to be as represented. The defendant and one or two

other witnesses testified to statements made by the plaintiffs before the contract was made, to the effect that they owned the only government cranberry lands in that portion of the state, though this testimony was contradicted by the plaintiffs. It was admitted on the trial that one-half of the land in the township in which this land was situated, was, at the date of the contract, state land, subject to entry, and that a large portion of the same was cranberry land, and that outside of that township and in that vicinity there was considerable cranberry land belonging to the state. It was proved that defendant had not returned the contract, but had offered to do so at the time the deed was tendered him, and had notified the plaintiffs that he should not accept the deed. The court found that said written instrument was executed by plaintiffs, but not by defendant; that it was not delivered to and accepted by the defendant as alleged in the complaint, but was received by him upon the conditions stated in the answer; that the lands were of the kind represented, but were not the only lands of like kind in that vicinity, whereby the value of the same was greatly reduced; that before the time fixed for the fulfillment of said written instrument, defendant had refused to accept the same as a binding contract, and had so notified plaintiffs; and that all the allegations of the complaint, except as to the acceptance and receipt of the contract, were true. On these facts the court held that plaintiffs could not recover; and rendered judgment for defendant; from which plaintiffs appealed.

*Eli Hooker*, with *E. P. Smith*, of counsel, for appellants:

1. The defendant is bound by the written contract. It has all the elements of a good contract, and by its terms infers the liability of the defendant. *Gale v. Nixon*, 6 Cow., 448; *Anderson v. Harold*, 10 Ohio, 400; *Wain v. Warlters*, 5 East, 17; *Andrews v. Pontue*, 24 Wend., 285; *Davies v. Wilkinson*, 1 Jurist, Am. ed. by Halst. & Voorh., 372; *Barton v. McLean*, 5 Hill, 258; *Pordage v. Cole*, 1 Saunders, 319; *De Beerski v. Paige*, 47 Barb., 172; *Lester v. Jewett*, 1 Kern., 453; *Wells v. N. Y. C. R.*

*R. Co.*, 24 N. Y., 183; *Baldwin v. Humphrey*, 44 id., 609; *Ballard v. Walker*, 3 Johns. Cas., 60; *Hatton v. Gray*, Eq. Cases Abr., 21, pl. 10; 1 Powell on Con., 286; 1 Fonbl., 165, 166. Even where the courts have held, under the old law, that no action lay on the writing alone against the party not signing the contract, they also held that the acceptance of the contract bound the vendee. *Roget v. Merritt*, 2 Caines, 120; *Gale v. Nixon, supra; Warrall v. Munn*, 1 Seld., 244; *Justice v. Lang*, 42 N. Y., 493; *Patchin v. Swift*, 21 Vt., 297; *Randall v. Van Vechten*, 19 Johns., 60; *Bleecker v. Franklin*, 2 E. D. Smith, 93; *Lowry v. Mehaffy*, 10 Watts, 390; *Reynolds v. Dunkirk & St. Line R. R. Co.*, 17 Barb., 616; *Wood v. Hubbell*, 5 id., 602; *Clason v. Bailey*, 14 Johns., 490; *Hare v. Orton*, 5 B. & Ad., 715; Chitty on Con., 3; *Ward v. Lewis*, 4 Pick., 520; *Fairbanks v. Metcalf*, 8 Mass., 237; *Belmont v. Coman*, 22 N. Y., 439; *Bishop v. Douglass*, 25 Wis., 699; *McClellan v. Sanford*, 26 id., 609; *Johnsons v. Muzzy*, 45 Vt., 422. 2. The defendant, by his answer, and by attempting to add to it conditions which he cannot prove, has waived the objection of want of mutuality. Fry on Spec. Perf., 202, § 297; *Champlin v. Parish*, 11 Paige, 409; *Farrell v. Hennessy*, 21 Wis., 632. 3. The written contract was conclusive, and could not be altered by parol evidence. Everything was merged in it. *Davis v. Shields*, 26 Wend., 341; *Boardman v. Spooner*, 13 Allen, 361; *Merriam v. Field*, 24 Wis., 640; *Fairbanks v. Metcalf, supra; Ward v. Lewis*, 4 Pick., 520; *Warren v. Wheeler*, 8 Met., 97; *Dutton v. Gerrish*, 9 Cush., 89; *Raymond v. Raymond*, 10 id., 134; *Howe v. Walker*, 4 Gray, 318; *Renard v. Sampson*, 2 Kern., 561; *Parkhurst v. Van Cortlandt*, 1 Johns. Ch., 273; *Frost v. Everett*, 5 Cow., 497; *White v. Ashton*, 51 N. Y., 283; *Gregory v. Hart*, 7 Wis., 532; *Sigerson v. Cushing*, 14 id., 527; *Cooper v. Tappan*, 4 id., 362; *Racine Co. Bank v. Lathrop*, 12 id., 467. 4. There can be in law no such *conditional delivery to the vendee* as the defendant attempts to prove. See cases in 4 Pick., and 8 Mass., *supra; People v. Bostwick*, 32 N. Y., 445; *Gilbert v. North Am.*

Lowber and another vs. Connit.

*Ins. Co.*, 23 Wend., 43; *Kercheval v. Doty*, 31 Wis., 489; *Truman v. McCollum*, 20 id., 370; *Seton v. Slade*, 7 Vesey, Jr., 265; *Champion v. Brown*, 6 Johns. Ch., 398. 5. Even if there could be such a conditional delivery, the defendant waived it by retaining the contract. *Kercheval v. Doty*, 31 Wis., 493, and cases cited in brief, p. 481; *McIndoe v. Morman*, 26 id., 588; *Pickard v. Sears*, 6 A. & E., 469; *Gregg v. Wells*, 10 id., 90; *Spriggs v. Bank of Mount Pleasant*, 10 Peters, 257; *Niven v. Belknap*, 2 Johns., 574; *Roe v. Jerome*, 18 Conn., 153; *Cochran v. Harrow*, 22 Ill., 349; *Strong v. Ellsworth*, 26 Vt., 366. 6. It was not necessary that the contract should be signed by the defendant. R. S., ch. 106, sec. 8; *Dodge v. Hopkins*, 14 Wis., 640; 3 Chand., 234; *Lowry v. Mehaffy*, 10 Watts, 387; *Davis v. Shields*, 26 Wend., 341; *McWhorter v. McMahan*, 10 Paige, 386; *Champlin v. Parish*, 11 id., 405; 31 Wis., 491. 7. If there was any condition, it was implied that the defendant should exercise his election as soon as the examination had been made. *Clough v. L. & N. W. R'y Co.*, L. R., 7 Ex., 26; *Flint v. Woodin*, 9 Hare, 618; *Campbell v. Fleming*, 1 A. & E., 40; Fry on Spec. Perf., 177, § 566.

*Edward S. Bragg*, of counsel, for respondent:

1. The complaint states no cause of action; the contract sued upon is not executed by the party to be charged therewith in the action. If there is any liability on the part of the defendant, it must be made by matters *dehors* the instrument declared on; but no such matters are stated in the complaint. The words "ratified" and "adopted" are not sufficient as allegations of fact to bring the case within the rule in *Vilas v. Dickinson*, 13 Wis., 488. Those words are legal conclusions on facts. When the contract was signed, it was void for want of mutuality. Fry on Spec. Perf., ch. 8. It was not signed by the defendant, and, under the statute of frauds, is not binding upon him. *Hodson v. Carter*, 3 Chand., 234; *Cheney v. Cook*, 7 Wis., 413; *Fenly v. Stewart*, 5 Sandf., 101; *Davis v. Shields*, 26 Wend., 341. The evidence justified the court in its finding.

COLE, J.   It is not entirely clear from the arguments of counsel, whether they regarded this action as one at law or one in equity.   Looking at the nature of the relief demanded in the complaint, which we suppose determines the character of the action (*Gillett v. Treganza*, 13 Wis., 473), we think it must be treated as a suit in equity, brought by the plaintiffs as vendors to enforce the specific performance of a contract for the sale and purchase of real estate.   The case will be considered by us in that aspect.

The contract for the sale and conveyance of the real estate by the plaintiffs to the defendant is in writing, and is only signed by the vendors.   And the first question to be considered is, Did it become binding upon the defendant, so that, if not vitiated by fraud, it can be enforced against him ?   It is claimed by his counsel that it never became a valid binding contract upon the defendant, because he did not execute it; and therefore that he is not liable upon it.   This question is practically decided adversely to this view in *Vilas v. Dickinson*, 13 Wis., 488.   That was an action upon a bond for the conveyance of real estate, brought by the obligor against the obligee to recover a portion of the purchase money.   The objection was taken that the obligation was signed by the plaintiff only, and therefore was not binding upon the other party.   But the objection was overruled, the court holding that a party who accepts and adopts a written contract, although it is not signed by him, is bound by its terms and conditions.   But it is insisted that under the statute of frauds the defendant is protected, because he did not sign the instrument upon which the action is founded, and which creates a n estate in lands.   Our statute in substance enacts, that any contract for the sale of lands or of any interest therein shall be void unless the contract, or some note or memorandum thereof expressing the consideration, be in writing, and *be subscribed by the party by whom the sale is to be made.* Sec. 8, ch. 106, R. S.   The distinction between this provision and the English statute, which required the contract to be *signed*

*by the party to be charged*, is pointed out by the chief justice in *Dodge v. Hopkins*, 14 Wis., 631 – 641, and need not be dwelt upon here. See also *Hodson v. Carter*, 3 Chand., 234. The signature of the party who makes the sale satisfies this provision of the statute. But then the question arises, whether the contract signed and delivered by the plaintiffs, and accepted and adopted by the defendant as the agreement between them, binds the latter. This can hardly be said to be an open question, certainly not after the rule laid down in *Vilas v. Dickinson*, which was an action at law. True, it has been gravely doubted by very eminent equity judges, whether an agreement which was signed by one party only should be enforced against the other in a court of equity ; but the rule is firmly settled that it may be, especially where specific performance is sought against the vendor. The want of mutuality is held to be no objection in such a case ; or rather it is said that the plaintiff, by the act of filing the bill, makes the remedy mutual. But it seems to me that the real foundation of the rule is, that the party who accepts and adopts a written contract, though not signed by him, should be deemed to have fully assented to its terms and conditions, and is therefore bound by them. He ought not to be in a position where he can hold the other party to the contract, and compel its performance, if advantageous to him, and at the same time be at liberty to avoid the contract on his part if disadvantageous. Both parties ought to be bound by the contract, or neither should be bound. And where the contract has been accepted and adopted by the party not signing it, he does assent and agree to it on his part, and the law implies a promise to perform. It is analogous in principle to implied covenants, which depend for their existence on the intendment and construction of law. Platt, in his work on Covenants (sec. 3, ch. 2, part first), gives many instances where implied covenants are raised and are held to be as effectually binding on the parties as if expressed in the most unequivocal language. See also *Vyvyan v. Arthur*, 1 Barn. & Cress., 410.

In the present case, the plaintiffs, for and in consideration of $850, agreed to sell and convey to the defendant an undivided interest in the lands therein described; the conveyance to be made within ninety days from the date of the instrument, at which time payment was to be made. The evidence, we think, shows that the defendant accepted and adopted this written contract, and assented to its terms. And unless the contract is affected by misrepresentation or fraud, it must be held binding upon both parties.

It is claimed by the counsel for the defendant, that there was a conditional delivery of the contract, and that it was not to be binding on the defendant unless upon an examination he should find the lands to accord in all respects with the representations made at the time of sale. We do not think the facts warrant the inference that the parties agreed that the plaintiffs should be bound by the contract while the defendant was to retain for a time his option to be bound or not. This was not the arrangement. Nor could the contract be delivered to the defendant to remain in *escrow*. The cases cited on the brief of counsel for the plaintiffs are clear to the point, that if the grantor does not intend that his deed shall take effect until some condition is performed, he should keep it himself or leave it with a stranger; and we see no reason why the same rule should not apply to the delivery of a written contract for the sale of real estate. We therefore must hold, upon the facts proven, that the delivery of the contract was not conditional, but that it was executed and delivered by the plaintiffs, and accepted and assented to by the defendant, as an obligation binding on both parties. This, we think, made it a valid agreement in law. See *Gale v. Nixon*, 6 Cowen, 445; *Reynolds v. Dunkirk & State Line R'y*, 17 Barb., 614; *Roget v. Merritt*, 2 Caines' R., 120.

The circuit court held that the contract was not within the statute of frauds, but was binding upon the parties so far as by its terms it purported to be obligatory. The court further held, that as the promise of the defendant to pay the purchase

money was implied, or rested in parol, parol testimony was admissible to show that this promise was not absolute, but conditional. The defendant sets up in his answer, and so testified on the trial, and adduced other evidence to the same effect, that when the sale was made the plaintiffs represented that the lands were good cranberry lands, and that they were all the lands of that character in that portion of the state; that they could be easily drained and flowed, and made productive for growing cranberries; and that unless, upon a personal examination and inspection of the lands, these representations were found to be true, he was not to pay the purchase money. The court found in favor of the defendant upon this parol evidence. It seems to us that this evidence was incompetent, and that the terms of the written instrument could not thus be changed by parol proof. By the contract the conveyance was to be made within ninety days from its date, at which time payment was to be made. If we are right in saying that the defendant adopted and assented to this condition, it amounted to an absolute promise to pay at that time, and could no more be varied by parol proof than any other stipulation of the contract. The effect of the evidence admitted was the same, so far as changing the terms of the contract was concerned, as though the defendant had proposed and been allowed to show that he was not to pay $850 for the land, or was to have six months or a year to make payment. It was an attempt " to show by parol that the actual contract was different from that which was manifested by the language of the writing." The judgment, we think, cannot be sustained on the ground upon which it was placed by the court below.

We have already remarked that we regard this action as one in equity to enforce a specific performance of the contract against the vendee. Now, it does not follow, though this contract is valid and binding upon the parties in point of law, that it must be carried into execution by a court of equity. On the contrary, if the court become satisfied that there were

fraudulent representations made in regard to the lands, as alleged in the answer, it might not only refuse to decree specific performance, but it might rescind the contract altogether. In his answer the defendant does not ask for a rescission of the contract on the ground of fraud, though he sets up matters as a defense, which, if established by evidence, might induce a court of equity to withhold its aid to enforce it. For "it is a principle in equity, that the court must see its way very clearly before it will decree a specific performance, and that it must be satisfied as to the integrity and good faith of the parties seeking its special interference." Lord LYNDHURST, in *Brealey v. Collins*, 1 Younge, 317–327 ; *Watters v. Morgan*, 3 D., F. & J., 718. In this case, if the court should simply refuse to interfere, and dismiss the complaint, the parties would be left to their legal rights upon the contract. The proof in regard to the misrepresentations is somewhat conflicting, and another trial may throw additional light upon these questions. We have therefore concluded to reverse the judgment, and send the case back to the circuit court with directions to allow the defendant to amend his answer by asking for a rescission of the contract on the ground of fraud — if he shall be so advised,— and for another trial of that issue. We have most attentively considered the evidence, and are quite clear that the plaintiffs ought not to have specific performance in the present state of the proofs.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.