Hubbard vs. Marshall.

HUBBARD vs. MARSHALL.

*August 31 — November 10, 1880.*

CONTRACTS. *(1) When both parties bound by instrument signed by one. (2) Parol proof of contemporaneous oral agreement.*

1. The acceptance by the grantee, of a deed or land contract executed by the grantor alone, binds such grantee.
2. Plaintiff sold, assigned and delivered to defendant, for an agreed consideration in money, certain notes and mortgages of a third party, and all his interest in a contract for the sale of certain land by him to such third party, the assignment being in writing under seal, executed by the plaintiff alone, and containing a statement of the consideration, and stipulations for the security of the plaintiff and as to the effect of a default by the defendant to make the payments therein specified; and in execution of said agreement, defendant paid a part of the sum named as consideration, and delivered to plaintiff his three promissory notes for the remainder. In an action on the notes, *held*, that defendant cannot prove a contemporaneous oral agreement, by which, in case the timber on the lands described in the contract should fall short of a certain amount, he was to be allowed at a certain rate per M. for the shortage, and that there was such a shortage.

APPEAL from the Circuit Court for *Brown* County.

Action on two promissory notes, each for $2,517.58 and ten per cent. interest, made by the defendant to the plaintiff. Deducting indorsements, there appeared to be due on the notes by their terms about $5,500, at the date of the trial. The facts necessary to an understanding of the question deter-

mined by this court, are as follows:   The plaintiff, one Gillen, and one Munroe, entered into a contract in writing under seal, by which the plaintiff sold to Gillen and Munroe the timber on certain lands, and agreed to convey to them certain other lands, all for the sum of $9,808.   The plaintiff was to execute a conveyance of the lands when said sum should be fully paid.   The contract contains stipulations concerning the times of payment, the payment of taxes, and the effect of a default; and also for the security of the plaintiff.   The defendant afterwards acquired the rights of Gillen and Munroe, under the contract.   Over a year later the plaintiff sold, assigned and delivered to the defendant, for the agreed consideration of $10,058.30, certain notes and mortgages which he held against said Munroe, and all his interest in the above-mentioned contract with Gillen and Munroe, except as to one parcel of the land which he had covenanted to convey to them.   The assignment of these choses in action is in writing under seal, executed by the plaintiff alone.   The instrument states the consideration, and also contains stipulations for the security of the plaintiff, and the effect of a default by the defendant to make the payments as therein specified.

In execution of such agreement the defendant made and delivered to the plaintiff his three promissory notes, each for the same sum, and paid the balance of the consideration in cash.   He has since paid one of said notes, and the other two are the notes in suit.   The defendant alleges in substance, in his answer, that when such agreement was made between the parties the plaintiff represented that there were 3,000,000 feet of pine lumber on the lands described in the agreement, and that he agreed to allow the defendant at the rate of $2.50 per thousand feet for any shortage; also that there was a shortage of over 1,200,000 feet, amounting at the stipulated rate to over $3,000.   This sum the defendant claimed should be deducted from the principal of the notes.   The above-mentioned instruments were put in evidence by the plaintiff on

the trial. Neither of them contains the agreement thus alleged in the answer. Against the objection of plaintiff, the court allowed the defendant to introduce evidence tending to prove the agreement as alleged, and the shortage. The jury assessed the plaintiff's damages at $867.22. A motion by the plaintiff for a new trial, on the ground (among others) that the court erred in admitting evidence of the alleged contemporaneous parol agreement, was denied by the court, and judgment for the plaintiff was rendered pursuant to the verdict. The plaintiff appealed from the judgment.

The cause was submitted for the appellant on briefs of *J. D. Markham.*

For the respondent there were briefs by *Hudd & Wigman,* and oral argument by *Mr. Hudd.* They contended, *inter alia,* that the consideration for a promissory note may be inquired into between the original parties. *Winchell v. Latham,* 6 Cow., 682; *Slade v. Halstead,* 7 id., 322; *Oakley v. Boorman,* 21 Wend., 588. If the consideration has only partly failed, and the deficiency is susceptible of definite computation, this may be shown in defense *pro tanto. Thomas v. Thomas,* 7 Wis., 476; 2 Greenl. Ev., § 199. To show such failure, parol evidence of what took place at the time the note was made is admissible. *Peterson v. Johnson,* 22 Wis., 21; *Hubbard v. Galusha,* 23 id., 398; *Folger v. Dousman,* 37 id., 619; *Jones v. Keyes,* 16 id., 562; *Smith v. Carter,* 25 id., 283; *Ward v. Perrigo,* 33 id., 143; *Jones v. Heiliger,* 36 id., 149.

The following opinion was filed September 21, 1880:

LYON, J. The rule that proof of antecedent or contemporaneous verbal agreements between the parties cannot be received to alter or control their written agreement, was applied in *Underwood v. Simonds,* 12 Met., 275. The action was by the payee against the maker of a promissory note, payable absolutely by its terms; and it was held that evidence was not admissible, as a defense, that the maker took property of the

payee to dispose of as his own; that he sold the property to one Gibbs and took his note therefor, which note he was unable to collect; and that he gave to the plaintiff the note in suit upon an oral agreement between them that it was not to be paid unless the defendant should collect the note of Gibbs. The rule, the reason thereof, and its application to that case, are so clearly and satisfactorily stated in the opinion by Chief Justice SHAW, that we cannot do better than to make the following quotation therefrom: "The rule of law is well established, that parol evidence cannot be admitted to alter, vary or control a written contract, nor to annex thereto a condition or defeasance not appearing on the contract itself. The rule is founded on the long experience, that written evidence is so much more certain and accurate than that which rests in fleeting memory only, that it would be unsafe, when parties have expressed the terms of their contract in writing, to admit weaker evidence to control and vary the stronger, and to show that the parties intended a different contract from that expressed in the writing signed by them. *Hunt v. Adams*, 7 Mass., 518; *Curtis v. Wakefield*, 15 Pick., 437; *Moseley v. Hanford*, 10 Barn. & Cress., 729; *St. Louis Perpetual Ins. Co. v. Homer*, 9 Met., 39. The proposed defense would consist in proof, by parol evidence, that a condition was annexed to the payment. By the terms of the note the defendant promised to pay the plaintiff absolutely $115; by the parol evidence, he desired to prove that he was to pay it on condition that he could collect the Gibbs note."

The question to be determined here is, whether the above rule is applicable to this case. Parol evidence is, undoubtedly, competent to show a total or partial failure of the consideration of a note or other written contract; or, where only part of the contract is reduced to writing, to prove the portion which the parties have allowed to rest in parol; or to contradict a mere receipt which does not purport to contain the contract out of which it arose; or to show the manner in which,

or the fund out of which, a note or obligation is to be paid, provided it does not vary the contract expressed in the writing; or to show a consideration different from that expressed in the writing; or to prove the oral agreement of the parties, if the writing does not profess to state it, but is made merely for the purpose of passing title pursuant to the agreement. This court has approved of the admission of parol evidence for many of the foregoing purposes, in the following and other cases: *Frey v. Vanderhoof*, 15 Wis., 397; *Ballston Spa Bank v. Marine Bank*, 16 Wis., 120; *Jones v. Keyes*, id., 562; *Hahn v. Doolittle*, 18 Wis., 196; *Butler v. The Regents*, 32 Wis., 124.

The admission of parol evidence for the various purposes above indicated does not constitute an exception to the general rule first stated. It is received on the ground that the agreement to which it relates has not been reduced to writing. If the parties have reduced their contract, and the whole of it, to writing, and the instrument is free from ambiguity or uncertainty, the courts have universally applied the rule, and excluded parol testimony to vary the terms of the contract. No court has done so with greater fidelity than has this court. The following are some of the later cases in which the rule has been applied: *Richardson v. Johnsen*, 41 Wis., 100; *Knox v. Clifford*, 38 Wis., 651; *Charles v. Denis*, 42 Wis., 56; *Eaton v. McMahon*, id., 484; *Lowber v. Connit*, 36 Wis., 176; *Yenner v. Hammond*, id., 277; *Crawford v. Earl*, 38 Wis., 312; *Cooper v. Cleghorn*, ante, p. 113.

Of course, the foregoing remarks have no application to an action wherein it is sought to avoid a written contract or obligation for fraud in its inception, or to actions brought to correct mistakes in such instruments. To prove the fraud or mistake, parol evidence is freely received, and necessarily so. But, as a sort of compensation for this apparent departure from the general rule, the existence of the alleged fraud or mistake can only be established by the most clear and convincing evidence. As it is put in some of the cases, it must

be proved beyond a reasonable doubt. A mere preponderance of evidence is not sufficient.

The learned counsel for the defendant argued, if we understood him correctly, that proof of the alleged guaranty by the plaintiff that the land which he covenanted to convey to the defendant contained three million feet of pine lumber, and his agreement that he would pay the defendant two dollars and a half per thousand feet for the shortage, if any, together with proof of the shortage, was merely showing a partial failure of consideration, which may always be done by parol evidence; also that the whole contract was not reduced to writing; and some stress is laid upon the fact that the defendant did not sign the written instrument which contains the terms of the agreement; that was signed by the plaintiff alone.

It is settled in this court that the acceptance, by the grantee, of a deed or land contract executed by the grantor alone, binds such grantee. *Lowber v. Connit*, 36 Wis., 176; *Hutchinson v. Railway Co.*, 37 Wis., 582, 601. Hence, the instrument signed by the plaintiff alone, and accepted by the defendant, is as much the written agreement of the latter as it is of the former.

The rule which allows the maker of a promissory note to show, in an action upon it, a failure or partial failure of consideration, is not sufficiently broad to cover this case. Here we have written instruments which set out particularly the consideration of the notes in suit, to wit: the assignment of notes and mortgages, and of a contract to convey lands and to sell timber upon other lands. The right to prove a failure of consideration would admit evidence of the failure of any consideration expressed in the writings, as that the title to any of the property thus sold or assigned had failed, but does not go to the extent of allowing proof of an additional consideration not expressed in the writings, and a failure thereof. To hold otherwise would be to destroy the rule which prohibits parol evidence to contradict or vary written instruments. The in-

strument signed by the plaintiff and accepted by the defendant, and the notes signed by the latter and delivered to the former, constitute an agreement in writing. The terms of the agreement are clearly expressed, and the writings contain no clause from which it may be inferred that the parties did not intend to incorporate in them the contract just as it was made, and the whole of it. There is no claim of mistake or suggestion of fraud. The writings purport to state the whole contract, and in the absence of any claim of fraud or mistake they must be held to contain the whole contract.

The case of *Lowber v. Connit, supra,* is very similar to this case in its facts, and fully sustains the above views. The case above quoted, in 12 Met., is also authority against the admission of evidence that the agreement of the parties contained an important condition not inserted in the writings. The cases to the same effect are very numerous, but it is not deemed necessary to refer specially to more of them. Many of them are cited in the foregoing cases. We conclude that the parol evidence to show that the plaintiff undertook that the land should yield 3,000,000 feet of lumber, and promised to pay, at a specified rate, for the shortage, was erroneously admitted. It is manifest that the recovery would have been much greater had this evidence been ruled out. There must therefore be another trial.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.

A motion for a rehearing was denied November 10, 1880.