OLIVER R. HARRIS *vs.* WILLIAM McKINLEY *et al.*

Argued by appellants, submitted on brief by respondent April 23, 1894.  Reversed
May 7, 1894.

No. 8430.

**Parties to contract.**

> A person other than the vendee named in an executory contract for the
> sale of real estate cannot, by any parol acceptance of it as his own, make
> it a binding contract between himself and the vendor.

Appeal by defendants, William McKinley and Frederick W.
Paine, from an order of the District Court of St. Louis County,
*D. B. Searle,* J., made April 27, 1893, denying their motion for a
new trial.

Defendants owned eighty acres of land in Douglas County, Wis.,
and employed the plaintiff, Oliver R. Harris, to sell it for them and
agreed to pay him for his services if he made a sale five per cent
on the first $5,000 of the price and two and a half per cent on the
residue.    On November 14, 1890, Harris made an oral contract
with Moses Stewart Jr. to sell to him the land for $8,000.    He re-
ported this to defendants and they made and signed a contract of
sale to Stewart.    Harris took it to him and he objected to having
his own name appear as purchaser and wanted his brother's name
inserted instead.    Harris took the contract back to defendants
and they altered it by inserting the name of Charles W. Stewart in
place of Moses Stewart Jr. and Harris delivered it to Moses as thus
altered.    It was never signed by Charles W. Stewart or by Moses
Stewart Jr.    It was in substance as follows:

Received of C. W. Stewart $800 on account of purchase of W. ½ N.
E. ¼, Sec. 35, T. 48, R. 13, in Douglas County, Wis.    Sold for $8,000
upon the following terms, one third cash, of which above men-
tioned earnest money is a part; balance after deducting four mort-
gages aggregating $2,133.33 now on the property to be secured by
mortgage on the land payable in one and two years with eight per
cent interest payable annually.    The purchaser agreeing by the
acceptance hereof to purchase the property on the terms aforesaid.
A reasonable time not exceeding fifteen days allowed to close this
trade.    Time is made the essence of the agreement.

Harris brought this action to recover his commission $325 for selling the land. At the trial he testified that the purchaser whom he secured was Moses Stewart Jr., and that Moses paid the earnest money but that Charles W. Stewart's name was inserted in the contract. The contract was produced and marked Exhibit A. W. F. McKay testified that he was a clerk in the office of Moses Stewart, Jr. and on the day of its date he put this contract away in a wallet and put the wallet in the office vault, that Charles W. Stewart had desk room in the office and that three or four weeks afterwards witness handed the contract to Charles W. Stewart when he asked for it.

The Judge charged the jury that if Charles W. Stewart accepted and adopted the contract he was bound by it although it was not signed by him. That as the contract was made in West Superior the law of Wisconsin governed the parties to it. The Judge further charged as follows:

If you believe from the evidence that this was not a contract or transaction between Charles W. Stewart and the defendants but was a transaction between Moses Stewart Jr. and the defendants, he using the name of his brother and himself paying the earnest money and adopting the contract as his contract then it would be a binding contract on his part. To this charge the defendants excepted. The jury returned a verdict for plaintiff for $325. The defendants moved for a new trial. Being refused they appeal.

*Jaques & Hudson*, for appellants.

Moses Stewart Jr. could not be bound by a contract which he expressly declined to enter into and took particular pains to avoid liability upon. What object could he have had in arranging that the contract should run to his brother unless it was to escape personal liability himself. These defendants could not bring suit for specific performance upon this contract against Moses Stewart Jr., as he never entered into the contract. There is no evidence in the case showing even an oral agreement on his part to purchase the land. He expressly declined to be bound by this contract. This instruction to the jury misled them to think that because Moses Stewart Jr. paid the earnest money he had accepted or adopted the purchase.

Parol testimony cannot be heard to disclose who is the vendee in such a contract or to show a different vendee from the one named therein. To permit it would be to permit a writing to be contra: dicted by parol. *Clampet* v. *Bells*, 39 Minn. 272; *Morton* v. *Stone*, 39 Minn. 275.

*Moer & Harris*, for respondent.

This was a Wisconsin contract. It was made in that state regarding land lying there. Under the Wisconsin cases the acceptance or ratification of the contract was sufficient though the contract was not signed by the proposed purchaser, Charles W. Stewart. *Vilas* v. *Dickinson*, 13 Wis. 488; *Lowber* v. *Connit*, 36 Wis. 176; *Hutchinson* v. *Chicago & N. W. Ry. Co.*, 37 Wis. 582; *Schweitzer* v. *Connor*, 57 Wis. 177; *Bamber* v. *Savage*, 52 Wis. 110.

Knowledge of the contract was brought home to Chas. W. Stewart and there being no evidence that he disaffirmed it, an acceptance and ratification may be inferred. Further Chas. W. Stewart brought an action on this contract to recover the $800. This of itself without other evidence is proof of a ratification of the contract. If a party does not disapprove the acts of one who assumes to be his agent, as soon as he can after those acts come to his knowledge, he makes the acts his own. *Woodbury* v. *Larned*, 5 Minn. 339; *Stearns* v. *Johnson*, 19 Minn. 540; *Lowry* v. *Harris*, 12 Minn. 255.

The evidence shows an acceptance and ratification of the contract on the part of Chas. W. Stewart and it became immaterial whether or not the instruction to the jury was erroneous or not, as the court should have charged as a matter of law under the uncontradicted evidence that an acceptance and ratification of the contract had been shown as against Chas. W. Stewart. The jury by their verdict determined all the questions in the case in favor of plaintiff and unless there was prejudicial error the verdict must stand.

MITCHELL, J. Action to recover the commission on the sale of defendants' real estate situated in Wisconsin.

The allegations of the complaint are that defendants employed the plaintiff as agent to procure a purchaser for the property, and that he procured such purchaser in the person of one Charles W.

Stewart, whom defendants accepted, and with whom they entered into a contract for the sale of the property.

The answer, after denying the allegations of the complaint, alleges, in substance, that they employed, not plaintiff, but the firm of Harris Bros. (of which the plaintiff was a member), and that the terms of the contract were that the firm was not to have any commission unless a sale was consummated by a conveyance of the property and the payment of the purchase money; that no sale ever was consummated, although defendants have always been ready, willing, and able on their part. The answer also sets up a written agreement (Exhibit A) to sell, which the defendants had signed, and delivered, as they allege, to Harris Bros. Under the evidence the verdict is conclusive that the contract of employment was with plaintiff, and that its terms were as alleged in the complaint.

The case was tried and submitted to the jury in the court below, and was argued in this court by both parties, upon the theory that to entitle plaintiff to his commission he must have procured the customer to enter into a binding and enforceable contract with defendants for the purchase of the property; and on the facts of the case this was undoubtedly correct, for the defendants intrusted to plaintiff the entire matter of closing the contract with the purchaser, whom they never saw. Charles W. Stewart never signed Exhibit A or any other memorandum. It was assumed by the trial court (on what authority is not stated) that, under the decisions of this court, such a contract would not be binding on the purchaser unless signed by him; and the case was submitted to the jury on the theory (the correctness of which is not questioned by either party) that the transaction was governed by the law of Wisconsin, and that in that state, if such a contract is signed by the vendor, and accepted and adopted by the vendee, it is binding and enforceable against the latter, although not signed by him. It is not important to consider whether the court was right in his view of the law of this state, for the law of Wisconsin is unquestionably as stated. *Vilas* v. *Dickinson*, 13 Wis. 488; *Lowber* v. *Connit*, 36 Wis. 176; *Hutchinson* v. *Chicago & N. W. Railway Co.*, 37 Wis. 600; *Schweitzer* v. *Connor*, 57 Wis. 179, (14 N. W. 922.)

In the present case there was not a particle of evidence to show

a parol acceptance of the contract by the vendee until after plaintiff's connection with the transaction had terminated; and there is no evidence of any authority on the part of either plaintiff or Moses Stewart to make any such contract in his behalf. The only evidence relied on to show an acceptance is that, some weeks after the contract came into the hands of Moses Stewart, Charles W. Stewart asked a clerk in the office of the former for the contract (for what purpose does not appear), and that, in pursuance of such request the clerk gave it to him; and the further fact (which came out incidentally in the testimony of one of the defendants) that Charles W. Stewart had brought suit in Wisconsin against them to recover back the $800 earnest money paid by Moses Stewart at the time of the delivery of Exhibit A to him.

It is certainly at least doubtful whether this very meager and equivocal evidence would have warranted the jury in finding that Charles W. Stewart had accepted and adopted the contract so as to make it binding on him. Clearly, it was not so strong as to require any such finding; the very most that could be claimed for it being that it made a case for the jury.

In this state of the evidence the court instructed the jury, in substance, that if they believed from the evidence that the transaction for the purchase of the property was really between defendants and Moses Stewart, and that the latter was the real principal, but used the name of Charles W. Stewart as the person to whom the contract should run, and that he (Moses) paid the earnest money, and accepted and adopted the contract as his own, although running to Charles W., then it was a binding and enforceable contract against him. In other words, it was left to the jury, although they might find that Charles W. Stewart had never become bound by the contract, to determine whether Moses Stewart had not accepted it so as to bind him. How, under any circumstances, Moses Stewart could have accepted, so as to be bound, a contract executed to another party, and which he himself had declined to enter into, it is difficult to see. The contract was one which was required, so far at least as defendants were concerned, to be in writing, and by that writing the only person to whom they bound themselves was Charles W. Stewart. Moses Stewart could not compel a conveyance. This instruction was er-

roneous, and was clearly prejudicial, because the jury might have found for the plaintiff on the ground that he had procured Moses Stewart to enter into a binding and enforceable contract with defendants for the purchase of the land. For this reason, if no other, a new trial must be granted.

Order reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 991.)