## FREY VS. VANDERHOOF.

A. bargained for a farm, upon 160 acres of which there was a mortgage which he was to pay as part of the purchase money, and the balance was to be secured by a new mortgage on said 160 acres. By A.'s direction, the vendor conveyed the 160 acres to A.'s son, who executed the mortgage for the balance of the purchase money, and the vendor subsequently foreclosed that mortgage and bought the land at the foreclosure sale. A. then brought an action to foreclose the prior mortgage which, instead of cancelling, he had procured to be assigned to himself. *Held*, that his taking an assignment of that mortgage was in fraud of the vendor's rights, and the mortgage should not be enforced.

Parol evidence is not admissible to change the legal effect of a conveyance, but it may be admitted to show upon what consideration it was made, and to show the whole transaction where the conveyance constitutes only a part of it.

APPEAL from the Circuit Court for *Walworth* County.

This was an action to foreclose a mortgage upon 160 acres of land, given in February, 1853, by *Gilbert I. Vanderhoof* to one Rood, and by him assigned to the plaintiff, *Henry Frey*. The answer stated that in September, 1857, the defendant agreed orally with the plaintiff to sell to him the 160 acres covered by the mortgage, and 80 acres adjoining it, held by school land certificate, for the sum of $6000, of which about $2650 was to be paid by the conveyance and transfer of other property, and $1600 was to be secured by a mortgage on the 160 acres, and for the residue of the price the plaintiff was to assume and pay the mortgage to Rood and another and smaller incumbrance upon the same land; that the $2650 was paid by the plaintiff as agreed, and the school land certificate transferred to him, but at the request of the plaintiff the defendant executed the deed for the 160 acres to the defendant's son, Philip Frey, who was a young man of little or no means, and received from said Philip the mortgage on the 160 acres for the $1600; that the defendant foreclosed that mortgage and bought the land at foreclosure sale in November, 1859; that the plaintiff paid the mortgage held by Rood, in March, 1858, and that if he took an assignment of it he did so in violation of his agreement and with intent to defraud the defendant.—The plaintiff replied, denying that he bought the tract of 160 acres in his own behalf, or that he had ever paid or agreed to pay any of the mortgages which were upon it; and alleging that he bargained for that portion of the land as the agent of his son and in his son's name, and that he purchased this mortgage from Rood and took an assignment of it, as he lawfully might. It is deemed unnecessary to state the testimony at length; the facts which the court regarded as proved being stated in the opinion. The plaintiff introduced in evidence the record of an action brought by *Gilbert I. Vanderhoof* against Philip Frey, to reform the deed executed to him for the 160 acres. [The complaint in that action stated that the plaintiff, *Vanderhoof*, bargained and sold to said Philip Frey the said 160 acres, and certain other property, for $6,400; that said bargain was made through the agency of *Henry*

*Frey*, the father of said Philip, and that it was agreed that said *Vanderhoof* should execute a deed to said Philip for said 160 acres, subject to the mortgages then existing thereon, which said Philip had agreed to assume and pay as part of the purchase money of said premises, and that the deed should except those mortgages from the covenant against incumbrances; that said *Henry Frey* drew a deed for said land containing a covenant against all incumbrances, and said *Vanderhoof* executed the deed in ignorance of that fact; and that said Philip Frey had refused to correct the mistake, &c. The complaint was verified by *Gilbert I. Vanderhoof* On the hearing of that case, said *Vanderhoof* deposed that he sold the 160 acres to Philip Frey, the negotiation being made with *Henry Frey*, and that the bargain was that said Philip should take the land subject to the mortgages then existing upon it, and should pay them himself. The decree, after reciting that it appeared by the proof that it was agreed before the execution of the deed, that the defendant, Philip Frey, should take the land subject to said mortgages, and that they should be excepted in the covenant against incumbrances, ordered that the deed should be reformed and made to express the intention of the parties.] In the present action, the circuit court found as facts, that the plaintiff, together with his son Philip, agreed to pay, and save the defendant harmless from, the mortgage held by Rood, and that the plaintiff did pay it in part performance of his contract; and rendered judgment for the defendant, from which the plaintiff appealed.

*Winsor & Smith*, for appellant.

*C. M. Baker*, for respondent.

*By the Court*, PAINE, J. We are satisfied from the evidence in this case, that the truth of the matter is substantially stated in the defendant's answer. The defendant, *Gilbert I. Vanderhoof*, sold his farm to the plaintiff. The mortgage which the plaintiff seeks to foreclose in this suit, was, at the time of the sale, an existing incumbrance on the farm, and it was a part of the agreement that the farm was to be sold subject to this and some other incumbrances, which the

January Term,
1862.

FREY
v.
VANDERHOOF.

May 15.

plaintiff agreed to pay. A part of the consideration was paid by the plaintiff, and a mortgage executed to the defendant to secure the unpaid balance, which mortgage was, of course, subsequent to those which the plaintiff had assumed.

The defendant subsequently foreclosed his mortgage, and bid in the premises at the sale. The plaintiff had previously paid this mortgage, which he now seeks to foreclose, but instead of having it discharged he took an assignment of it, and is now seeking to enforce it against *Vanderhoof.*

If *Vanderhoof* had conveyed the farm directly to the plaintiff, upon the agreement above stated, it is very obvious that the latter could not now enforce this mortgage. As between him and *Vanderhoof,* he was bound to pay it. And his taking an assignment of it was in violation of his obligation, and in fraud of *Vanderhoof's* rights.

And we think the fact that *Vanderhoof* deeded the farm to the plaintiff's son instead of him, does not change at all the relations or the rights of the parties. The evidence fully shows that *Vanderhoof* was the vendor, and the plaintiff was the vendee. The bargain was made between them; the plaintiff paid whatever was paid; he undertook to pay the prior incumbrances; and it was a matter of entire indifference to *Vanderhoof,* whether he deeded the farm to the plaintiff, or to his son, at his request.

The only part of the evidence which seems to militate against these conclusions, is that derived from the statements of *Vanderhoof* in the suit to reform the deed. But upon a close examination of those statements, the conflict between them and the positions maintained by the same parties in this suit, is more apparent than real. Those statements were made, not for the purpose of setting out an entire history of the transaction, but so far only as was material to the purpose of reforming the deed. That having been executed to the plaintiff's son, it of course became necessary in that suit to proceed against him. And he did undoubtedly become sufficiently a party to the agreement, by becoming the actual grantee in the deed, to justify the allegations made by *Vanderhoof* in the suit to reform it. The questions which are now presented between the parties to this suit,

had not then arisen, and it was entirely immaterial in the other to set forth the facts with reference to them. We think, therefore, that this part of the evidence should have no tendency to impeach the veracity of the *Vanderhoofs*, or to cast any doubt upon the correctness of the conclusions already stated.

January Term,
1862.

There was clearly no error in admitting parol evidence to show the entire consideration for the deed. Conveyances are frequently made in execution of agreements which the conveyances themselves do not show or attempt to show. And although no parol evidence would be admissible to change the legal effect of the conveyances themselves, yet it may be admitted to show upon what consideration they were made, and to show the whole transaction, where the conveyances constitute only a part. *Miller vs. Fichthorn*, 31 Penn. St., 259, 260 ; *Fiske vs. McGregory*, 34 N. H., 414.

The judgment is affirmed, with costs.