## HAHN VS. DOOLITTLE.

A representation made by the vendor at the time of a sale, in respect to the quality of the thing sold, which is relied upon by the vendee, amounts to a warranty.

Upon the sale of a note and mortgage, the maker of which is known by both parties to be insolvent, if the vendor represents the mortgage to be good as an inducement to the vendee to buy, and the latter buys relying upon such representation, but the mortgagor has in fact no title to the mortgaged premises, the vendor is liable to the purchaser for the consideration paid.

The complaint alleges that at the time of the sale and transfer of a note and mortgage, "the defendant represented to the plaintiff that said mortgage was good, and a valid security for the payment of said note; and the plaintiff supposed and verily believed, at the time he bought the same as aforesaid, the said mortgage to be good, and that it was a valid and sufficient security," &c. The court interprets this as an allegation that the plaintiff purchased on the faith of the defendant's representations.

Where a note and mortgage are transferred by a written assignment which contains no words of warranty, parol evidence is admissible to show that the vendor warranted the security.

The rule that where parties reduce their contracts to writing, the writing is presumed to contain the whole contract, and it cannot be shown by parol that other things were agreed on at the same time, is not applicable to instruments, (such as deeds of land, assignments of choses in action, bills of sale, indorsements of notes, &c.,) which, from their nature, are adapted merely to transfer title, in execution of an agreement which they do not profess to show.

APPEAL from the Circuit Court for *Jefferson* County.

The cause of action stated in the complaint herein will sufficiently appear from the opinion of this court. A demurrer to the complaint was sustained by the circuit court; and from this decision the plaintiff appealed.

*H. Barber, Jr.,* and *M. B. Williams,* for appellant.

*Enos & Hall,* for respondent:

The contract of sale of the note and mortgage "was consummated by writing," and "the presumption is that the writing contains the whole contract." *Van Nostrand v. Reed,* 1 Wend., 432. It does not anywhere appear in the case whether the assignment contains any warranty or any limitation of the defendant's liability, or what were the conditions of the sale. The presumption of law is, that the parties determined by their written contract the rights of the plaintiff and the lia-

bility of the defendant.—It does not appear from the complaint whether the plaintiff relied upon the defendant's representations as to the validity of the mortgage, or believed it to be valid as a result of his own investigations; and there is no express warranty alleged.

*By the Court,* PAINE, J.   This action was brought to recover the consideration paid for a note and mortgage sold by the defendant to the plaintiff.  It is alleged that both parties knew the note to be worthless save as secured by the mortgage, and that the defendant, at the time of the sale, represented the mortgage to be a good and valid security for the note, and that the plaintiff believed this, but that in fact the mortgagor had no title to the land described, so that both note and mortgage were worthless.

We think this shows a cause of action.   The rule is that a representation made by the vendor at the time of the sale, in respect to the quality of the thing sold, which is relied on by the vendee, amounts to a warranty.   *Henshaw and others v. Robins,* 9 Met., 83 ; *Randall and others v. Thornton,* 43 Maine, 226 ; *Lamme v. Gregg,* 1 Met. (Ky.), 446 ; *Warren v. Van Pelt,* 4 E. D. Smith, 205 ; *Blakeman v. Mackay,* 1 Hilton, 266 ; *Smith v. Justice,* 13 Wis., 600.

This being the rule, there can be no doubt of its applicability here.   Where the thing sold is a note and mortgage, the maker of which is known to be insolvent, the question whether the mortgage is a good security becomes very material.   And if the vendor represents it to be good as an inducement to the vendee to buy, and the latter buys relying on that representation, it presents a case clearly within the authorities cited.

The only doubt we have had as to the sufficiency of the complaint was, whether it showed with enough certainty that the plaintiff made the purchase on the faith of the defendant's statements.   The allegation is, "that at the time of such sale and transfer, said defendant stated and represented to this plaintiff

that said mortgage was good, and a valid security for the payment of said note; and this plaintiff supposed and verily believed, at the time he bought the same as aforesaid, the said mortgage to be good, and that it was a valid and sufficient security for the payment of said note." The idea that the plaintiff purchased on the faith of the defendant's representation might undoubtedly have been more distinctly expressed. But we have come to the conclusion that such is the fair interpretation of the allegation as it is. Where one asserts in a single sentence that a representation was made to him and that he believed it, the natural meaning of it is that he believed it because he relied on the truth of the statement; and not upon information that he might have derived from some other source.

It appears from the complaint that the transfer was effected by means of a written assignment. And although its terms do not appear, yet the fair inference from the complaint is, that there was no warranty of the sufficiency of the security in the assignment. And the respondent's counsel suggests that if there was no warranty in the assignment, none could be shown. He relies on the familiar rule, that where the parties reduce their contract to writing, the writing is presumed to contain the whole contract, and it cannot be shown by parol that other things were agreed on at the same time. No rule is better settled than this. But it is not applicable to instruments which, from their very nature, do not attempt to state the entire agreement in respect to the subject matter, but are adapted merely to transfer title, in execution of an agreement they do not profess to show. Deeds of land, assignments of choses in action, bills of sale, indorsements of notes, and other similar instruments, are of this character. They are very commonly used in execution of complicated and extensive agreements, which they make no attempt to show. The presumption, therefore, that the writing contains the whole contract does not prevail. Thus, suppose A owns a note payable to his order, and B, by a verbal agreement, sells him a horse, warranting it to be sound, in consid-

eration that A shall indorse to him the note. The indorse-ment would in one sense be a contract in writing. But would A be precluded from showing the verbal agreement of sale and warranty, merely because, in execution of it, there was a written indorsement in which the warranty was not recited? Certainly not; and the same considerations are applicable to assignments, bills of sale and other similar instruments, where they profess to do no more than merely to transfer title in the usual manner.

This question was considered in *Frey v. Vanderhoof*, 15 Wis., 397, and the view above stated was sustained, and sev-eral authorities cited in support of it. In addition to those, the following may also be referred to: *Wentworth v. Buhler*, 3 E. D. Smith, 305; *Filkins v. Whyland*, 24 Barb., 379; *Knight v. Knight*, 28 Georgia, 165; *Creamer v. Stephenson*, 15 Md., 211; *Taylor v. Galland*, 3 Greene (Iowa), 22.

This distinction has not always been observed, and there are cases against the rule which we now hold. But we think it founded in reason and sustained by the authorities referred to. Perhaps the case cited from Maryland improperly applies it to a case within the general rule. But if applicable there, it certainly would be to a bill of sale, or assignment.

The plaintiff, therefore, would be at liberty to prove and rely upon these representations as a warranty, although not in the assignment.

The order sustaining the demurrer is reversed, with costs, and the cause remanded for further proceedings.