GILBERT, Appellant, vs. STOCKMAN, Respondent.

*January 31 — February 25, 1890.*

*Land contract: Parol evidence of additional agreement.*

A contract for the sale of land provided for its conveyance by quit-
claim deed and that the vendee should pay all taxes assessed
thereon subsequent to a certain date. It not being claimed that
there was any mistake or fraud in drafting the contract, or that
it did not contain all that the parties intended it should, parol
evidence was not admissible to show a contemporaneous oral agree-
ment that the vendor should pay the taxes assessed prior to such
date.

APPEAL from the Circuit Court for *St. Croix* County.

Action to recover $50 alleged to be due to the plaintiff
upon the sale of a shingle machine to the defendant. The
answer admitted the indebtedness but set up a counterclaim
for $56.42 paid by defendant for taxes upon a tract of land
purchased by him from the plaintiff. The facts will suffi-
ciently appear from the opinion. Judgment was rendered
upon a special verdict in favor of the defendant for $6.42
and costs. The plaintiff appeals.

The cause was submitted for the appellant on the brief
of *Armstrong Taylor*, and for the respondent on that of
*R. H. Start*.

Counsel for respondent, in addition to cases referred to
in the opinion, cited *Mann v. Nunn*, 43 L. J. (C. P.), 241;
*Parcell v. Grosser*, 109 Pa. St. 617; Wood's Prac. Evi. 77;
Abbot's Trial Evi. 385; *Hays v. Peck*, 107 Ind. 389; *Kick-
land v. Menasha W. W. Co.* 68 Wis. 34; *Ayer v. R. W. Bell
Mfg. Co.* 147 Mass. 46; *Hodges v. Heal*, 80 Me. 281; *Schoen
v. Sunderland*, 39 Kan. 758; *Reynolds v. Robinson*, 110 N. Y.
654; *Redfield v. Gleason*, 61 Vt. 220; *Thompson v. Libby*, 34
Minn. 374.

COLE, C. J. The controversy in this case arises upon the
defense or counterclaim set up in the answer. It appears

that the defendant in January, 1881, purchased of the plaintiff a certain tract of land for an agreed price. The contract was a printed blank, filled up, and was in the ordinary form of a land contract, except, where the form provided for the giving of a warranty deed on payment of the consideration money, the word "warranty" was erased and the word "quitclaim" inserted. There was a clause in the contract by which the defendant agreed to pay all taxes, special or general, which had been assessed against the land since the 1st day of July, 1880, and also such as might be thereafter assessed thereon until the purchase money was fully paid. The defendant claimed that, at the time the sale was made and the contract entered into, the plaintiff informed him that there were some back taxes assessed upon the land prior to July, 1880, and that the plaintiff agreed, if the defendant would purchase the land for the sum of $225, that he would pay these back taxes; and it is also alleged in the answer that the defendant, relying upon this promise and in consideration thereof, did purchase the land and execute the contract. It appears that a tax deed was issued for the delinquent taxes, and the defendant had to pay $56.42 to buy in this tax title. He therefore seeks to recover this amount, as against the plaintiff's claim, by virtue of the parol agreement that the latter would pay the back taxes.

It is not claimed that there was any mistake or fraud in drafting the written contract, or that it does not contain all that the parties intended should be inserted therein. The defendant did not seek to have the contract reformed so as to incorporate therein the alleged verbal agreement that the plaintiff would pay all back taxes assessed upon the land prior to July, 1880, but he sought to show, and was allowed to prove, the parol agreement, against the objection of the plaintiff, taken in various ways upon the record. And the real question in the case is, Was it competent

Gilbert vs. Stockman.

to make this proof under the circumstances? It seems to us this question must be answered in the negative. The effect of the parol evidence was to add a material and important stipulation to the written contract, and was therefore inadmissible, upon well-settled rules of law. Where it appears that the whole agreement has been reduced to writing, proof of contemporaneous verbal agreements cannot be received to alter or change the written agreement. This rule has been often laid down by this court. The plaintiff's counsel has cited several of these decisions, and they are familiar to the profession. The rule is not applicable where the writing does not attempt to state the entire agreement in respect to the subject matter; nor where the parol agreement relates to some collateral matter, or where there is a total or partial failure of consideration. The distinction is clearly pointed out in *Frey v. Vanderhoof*, 15 Wis. 397; *Hahn v. Doolittle*, 18 Wis. 196; *Hubbard v. Marshall*, 50 Wis. 322. The contract in this case has a stipulation in regard to taxes, and the presumption is that it contains all that the parties had agreed upon on that subject. So the direct effect of a parol agreement about paying the back taxes was to add a material condition to the contract as written. Now, while it is well settled that parol evidence cannot be admitted to contradict or vary the terms of a written instrument, yet it may be admitted to prove a collateral agreement connected with the stipulations in a deed and in no respect repugnant to it. "Conveyances are frequently made in execution of agreements which the conveyances themselves do not show or attempt to show; and, although no parol evidence would be admissible to change the legal effect of the conveyances themselves, yet it may be admitted to show upon what consideration they were made, and to show the whole transaction, where the conveyances constitute only a part." *Frey v. Vanderhoof*, 15 Wis. 397. The learned counsel for the de-

fendant has cited a large number of cases where that rule has been acted upon — *Batterman v. Pierce*, 3 Hill, 171; *Remington v. Palmer*, 62 N. Y. 31; *Chapin v. Dobson*, 78 N. Y. 74; *Taintor v. Hemmingway*, 18 Hun, 458; *Peet v. Kent*, 5 N. Y. St. Rep. 134; *Adams v. Van Brunt*, 11 N. Y. St. Rep. 659; *Carr v. Dooley*, 119 Mass. 294; *McCormick v. Cheevers*, 124 Mass. 262; *Powelton Coal Co. v. McShain*, 75 Pa. St. 238,— and other cases where evidence was admitted to prove some independent or collateral agreement founded upon the consideration in the deed, or where the writing did not contain the entire contract made by the parties.

But it is obvious that the principle of these decisions does not apply here, because the written contract bears no indication that anything was omitted therefrom, and is full and complete in and of itself. As we have said, the necessary effect of the proof of a parol agreement was to change the terms of the written instrument, which is complete and contains the stipulations of the parties; and, when the parties stipulated as to the payment of certain back taxes, it is inconceivable that they should have failed to include the alleged agreement of the plaintiff in regard to them, if he had undertaken to pay any of them. The parties evidently had in mind the extent of their mutual engagements, for provision was made for giving a quitclaim deed, instead of a warranty deed; and there can be no doubt that the plaintiff would have kept his engagement by executing the usual quitclaim deed, notwithstanding the printed portion of the contract provided that the deed given should contain the usual covenants of title. The written portion of the contract is inconsistent with the printed form, and should control as to the character of the deed. We have examined the cases cited by defendant's counsel, but do not think they sustain his contention that parol evidence was admissible to prove that the plaintiff agreed to pay the back

taxes, which evidence clearly adds an important stipulation to the terms of the written agreement. It follows from these views that the judgment of the circuit court must be reversed, and the case be remanded for a new trial.

*By the Court.*— It is so ordered.

