## HALPIN, Appellant, vs. STONE, Respondent.

*November 8 — November 25, 1890.*

*(1) Chattel mortgage: Authority to sell for cash only. (2) Replevin: Divisibility of property. (3) Written contract: Parol evidence as to consideration:*

1. The plaintiff gave to one W. a chattel mortgage of certain railroad ties, which provided that either party might sell the ties for not less than a price stated and that out of the proceeds the amount of the mortgage debt should be paid to W. and the balance to plaintiff. *Held*, that W. had authority to sell for cash only, and that a purchaser from him could not offset claims against the plaintiff, against the latter's share of the purchase price.

2. Such a purchaser having refused to pay the plaintiff's share of the price except by offsetting against it claims which he held against the plaintiff, the latter might maintain replevin for his share of the ties, they being divisible.

3. It being claimed that the ties had been sold by W. for a price less than that stipulated in the mortgage, parol evidence was admissible to show the true consideration agreed to be paid by the purchaser, and that the consideration was erroneously stated in the written bill of sale.

APPEAL from the Circuit Court for *Ashland* County.

Replevin for a quantity of tamarack and cedar railroad ties which the plaintiff had mortgaged to one Whitson, and which the latter had sold to the defendant. The facts will sufficiently appear from the opinion.

The action was commenced in the municipal court for Ashland county, and from a judgment in that court in favor of the plaintiff the defendant appealed to the circuit court. In the latter court at the close of the testimony a verdict was directed for the defendant. From the judgment entered on such verdict the plaintiff has appealed.

For the appellant there was a brief by *Cole & O'Keefe*, attorneys, and *Kate H. Pier*, of counsel, and the cause was argued orally by *Kate H. Pier* and *Rublee A. Cole*.

For the respondent there was a brief by *Sleight & Foster*, and oral argument by *Richard Sleight*.

COLE, C. J.  It is elementary law that, to support re-plevin, the plaintiff must, at the time of the caption, have had either the general property taken or a special property therein with the right of possession.  1 Chitty, Pl. 183, and cases referred to in note *m*.  Had the plaintiff such an ownership in the ties in controversy when he commenced this suit as will support replevin?  It appears he had given one Whitson a chattel mortgage on the ties to secure the payment of $130.72.  No time was specified when the debt was to be paid, nor is there anything said in the mortgage as to who should have possession of the mortgaged prop-erty in the mean time.  Some question was made on the argument as to the nature of this instrument, but it seems to us that it is clearly a chattel mortgage, and should be treated as such.  The instrument recites that the property is sold to Whitson to secure the payment of $130.72.  Either the mortgagor or mortgagee had the right to sell and trans-fer the ties to any party for the sum of fourteen cents per tie for the tamarack ties, or more, and twenty cents per tie for the cedar ties, or more, and to give a complete bill of sale of the same, provided that out of the money realized from such sale the sum of $130.72 should be paid to Whit-son by the purchaser to satisfy his debt, and the balance of the purchase money should be paid to the plaintiff.  The expectation or intention of the parties doubtless was that the ties should be soon sold for the prices named, and the debt to Whitson be paid.

It appears that in a day or two after the chattel mortgage was given Whitson did sell the ties to the defendant, and gave a bill of sale for the same, and received pay for his debt.  The consideration stated in the bill of sale was less than the gross sum for which Whitson was authorized to sell, but parol evidence was admitted ·on the trial, against an objection on the part of the plaintiff, to prove that the defendant agreed to pay for the ties the same sum precisely as that stated in the chattel mortgage.  If the parol evi-

dence was admissible to show that this was the contract, the fact was conclusively established that the defendant did agree to pay fourteen cents per tie for each of the tamarack ties, and twenty cents for each cedar tie.  The evidence on that point is undisputed.  Both Whitson and the defendant testified that this was the agreement, notwithstanding the consideration stated in the bill of sale.  An error as to the price to be paid for the tamarack ties was committed in drawing the bill of sale, which is satisfactorily explained by the oral testimony.  Now, the question is, Was this evidence admissible in view of the consideration stated in the bill of · sale?  It is claimed that it is not, because it tended to contradict or vary the terms of the written instrument.  It was admitted to explain the true consideration which was to be paid for the ties, and was admitted by the trial court on that ground and for that precise purpose.  But was the consideration in the bill of sale open to explanation by oral evidence?

In *Reynolds v. Vilas*, 8 Wis. 471, this court adopted the rule that the consideration mentioned in a deed was only *prima facie* evidence, which might be controlled or explained by parol proof showing the real consideration. *Frey v. Vanderhoof*, 15 Wis. 398; *Hahn v. Doolittle*, 18 Wis. 196.  In many cases evidence has been admitted to prove another and additional consideration besides the one expressed in the contract, and consistent with it.  *Hannan v. Oxley*, 23 Wis. 519, and cases cited by Mr. Justice PAINE on page 523.  We shall not attempt to review the authorities on the subject, but adhere to the rule that the consideration in a contract is open to inquiry, at least in a case like the present one.

The parol evidence showed that Whitson made a sale within his authority, and for a price to which he was limited.  There is therefore no ground for claiming that he exceeded his power in that regard.  But we think the au-

thority implied that the sale should be for cash, and not upon credit. The defendant paid Whitson his debt of $130.72, but the balance of the consideration he refused to pay, except by offsetting certain accounts which he holds against the plaintiff. Now, whether the plaintiff owed these accounts we shall not stop to inquire. It is sufficient to say they are not proper offsets in this action. We have said that Whitson's authority was to sell the ties for a stipulated price and for cash. If the defendant insists that the sale should stand, he must pay the purchase price, which was the condition of the sale. He cannot pay part of the purchase money, as he has done, and pay the remainder in something besides cash. That is not according to the implied terms upon which the sale was made by the agent. The plaintiff does not complain of the payment to Whitson, nor could he, as that debt was to be paid out of the proceeds of the sale.

But the difficulty we have had with the case grows out of the form of the action. If the plaintiff affirms a sale in part, as presumably he does so far as the payment of Whitson's debt is concerned, can he disaffirm as to the unpaid purchase money, and say that the title to a part of the ties did not pass by the sale? In other words, has the plaintiff such a title to a portion of the ties, and such a right of possession, as will enable him to maintain replevin for them? As between the mortgagor and mortgagee of chattels, payment of the debt may vest the title to the property in the mortgagor, and the right of possession would follow the right of property. In this case there was no tortious taking. Is there an unlawful detention, upon the admitted facts? It is held in this state that a chattel mortgage transfers the property conditionally, and vests it in the mortgagee. When the debt is paid, as between the mortgagor and mortgagee, it revests in the former. In this case we are inclined to hold, as the property is in its nature divisi-

Halpin vs. Stone.

ble, where the purchaser refuses to comply with the terms of the sale and pay the balance of the purchase money, that the mortgagor may maintain replevin for his share of the ties. *Esson v. Tarbell*, 9 Cush. 407. It is much like the case of *Young v. Miles*, 20 Wis. 615, where grain belonging to different owners had been stored in mass, with their consent. It was held that each might, if necessary for the maintenance of his rights, maintain replevin for his share, subject to deduction of his proportion of loss or waste occurring to it while so in mass. There was a demand and refusal to pay in cash the unpaid purchase money. To permit the defendant to retain all the ties, while he refuses to pay the purchase money, except by accounts he holds against the plaintiff, would be to sanction something like a fraud in the purchase. We therefore think the plaintiff may maintain replevin for his share of the ties, the property being divisible.

There is another fact which may be stated. We find in the record which is returned to this court a stipulation entered into by the parties, providing that the sheriff who has custody of the ties may sell the same as follows, to wit: For not less than twenty cents apiece for the cedar ties, and for not less than fourteen cents apiece for the tamarack ties; that the money realized from the said sale is to be paid into court to abide the event of this litigation. Presumably the fund is in court, and there is no difficulty, therefore, in making a division of it according to the interests and rights of the parties.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial, unless the plaintiff shall elect to take judgment for the amount due and unpaid for the ties, and for further proceedings in accordance with this opinion.