# The City of Chicago

## v.

# Frederic C. Weir et al.

*Filed at Springfield March 12, 1897.*

1. CONTRACTS—*in construing a contract partly written and partly printed, written part controls.* In construing a contract drawn upon a printed form by filling in blank spaces with writing, the written part will, in case of conflict, control.

2. SAME—*when money erroneously paid contractor is not paid under mistake of law.* Where a contract for constructing a water tunnel provides that the contractor shall put in the "back masonry" without extra pay, money paid to him for performing such work is not paid under mistake of law, and may be applied, as over-payment, to other parts of the contract.

3. SAME—*when clause of specifications does not modify provision of contract.* A provision in a contract for constructing a water tunnel and shaft, concerning an additional compensation to the contractor for rock excavation in both tunnel and shaft, is not modified by a clause in the specifications making additional provision for rock excavation in the tunnel alone.

4. APPEALS AND ERRORS—*when appellee need not assign cross-error.*
Where, in an action to recover a balance due on a contract, the
judgment rendered is satisfactory to the defendant, in amount, he
need not, upon the plaintiff appealing therefrom, assign as cross-
error the trial court's disallowance of his claim of over-payment
in order to have the benefit of the same in the Appellate Court.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. FRANK BAKER, Judge,
presiding.

WILLIAM G. BEALE, Corporation Counsel, BYRON BOY-
DEN, and EDWARD B. BURLING, Assistants, for appellant:

The primary consideration in construing an instru-
ment of writing is to ascertain the intention of the par-
ties.    *Colton* v. *Field*, 131 Ill. 398.

All parts of an instrument must be construed in such
a way as to give force and validity to all of them, and to
all the language used, where that is possible.    *Schneider*
v. *Turner*, 130 Ill. 28; *Railroad Co.* v. *Aurora*, 99 id. 214.

All provisions of a contract are to be considered, and
the general design must not be frustrated by allowing
too much force to single words or clauses.    Beach on Con-
tracts, sec. 711.

L. D. CONDEE, and LOUIS BOISOT, Jr., (T. A. MORAN,
of counsel,) for appellees:

Where a printed form is used to be filled by writing,
the written part will control the printed part in constru-
ing the contract.    *Holmes* v. *Parker*, 25 Ill. App. 225; *Express
Co.* v. *Pinckney*, 29 Ill. 392.

A construction of a contract adopted and acted on by
a party to it is binding on him.    *Parmalee* v. *Hambleton*, 24
Ill. 605; *Leavers* v. *Cleary*, 75 id. 349; *Storey* v. *Storey*, 125 id.
608; *Garrison* v. *Nute*, 87 id. 215; *People* v. *Murphy*, 119 id.
159; *Vermont Street M. E. Church* v. *Brose*, 104 id. 206; *Hall*
v. *Bank*, 133 id. 234; *Burgess* v. *Badger*, 124 id. 288; *Chicago*
v. *Sheldon*, 9 Wall. 50.

Money voluntarily paid to another under a mistake of law cannot be recovered back. *Elston* v. *Chicago*, 40 Ill. 514; *Bilbie* v. *Lumbey*, 2 East, 469; *Lester* v. *Mayor*, 29 Md. 415; 15 Am. & Eng. Ency. of Law, 676.

Even courts of equity will not lend their aid to relieve against mere mistakes of law. *Fowler* v. *Black*, 136 Ill. 378.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit brought by appellees, who compose the firm of Weir, McKechney & Co., against the city of Chicago, to recover money alleged to be due for work done in the construction of a water tunnel and shafts in the city of Chicago under a written contract. The items of plaintiffs account, as appears from the record, (deducting fifteen per cent which does not fall due, under the contract, until the completion of the work,) are as follows:

1. Rock excavation within the cross-section lines of the tunnel............................................. $13,530.50
2. Removal of rock taken from outside said cross-section lines................................................... 3,503.70
3. Back masonry put in during July, 1896................. 4,492.25
4. Erroneous deduction from previous back masonry (third ring of brick)................................... 3,952.50
5. Rock excavation in shafts............................. 524.45
6. Extra work caused by error in city surveys............ 3,878.60

Total...... .................................... $29,882.00

In the circuit court a stipulation was entered into by counsel for the respective parties, to the effect that on the trial any evidence might be introduced under the common counts, and any relief granted and recovery had by plaintiffs, which would be competent if the matters in issue were specially pleaded; also, that defendant might plead the general issue and introduce any competent evidence material to the matters involved. It was further stipulated:

"A written contract, bearing date October 19, 1895, was entered into between the said parties for the con-

struction of section 3 of the north-west water tunnel and shafts, as per contract, specifications and proposal or bid, copies of which are hereto attached and made a part of this stipulation. Under the contract the plaintiffs have constructed about 3000 feet of tunnel, and all the portion of the tunnel so constructed has been through solid rock, where blasting has been required. The drilling and blasting have created cavities outside of the regular dimensions or cross-section lines of the tunnel, which cavities the city has required the contractors to fill with solid brick masonry. In the interpretation of the said contract and the carrying out of the work, various contentions and differences have arisen between the parties. The points upon which the differences have arisen may be stated as follows:

"*First*—Whether or not the contractors are entitled to compensation at the rate of two dollars for rock excavation per cubic yard within the cross-section lines of the tunnel over and above the cost per lineal foot of tunnel or shaft, where the work is wholly in rock.

"*Second*—Whether or not the contractors are entitled to compensation for the removal of rock which breaks outside of the cross-section lines as indicated by the engineer.

"*Third*—Whether the contractors are entitled to compensation for filling in with solid brick masonry outside the cross-section lines of the tunnel, called technically 'back masonry.'

"*Fourth*—Whether any allowance in respect to the third ring of brick mentioned in the contract, where such third ring is omitted by the permission of the engineer, should be made either in favor of the contractors or of the city."

In the circuit court, on a trial without a jury, the court disallowed all the items contained in plaintiffs' account except the last, $3878.60, for which judgment was entered. To reverse the judgment the plaintiffs appealed to the

Appellate Court, and there it was held that plaintiffs were entitled to recover the first, fifth and sixth items of the account, amounting to $17,933.55, but judgment was rendered for $12,003 only, the deduction being made on account of money which had been paid plaintiffs for "back masonry." To reverse the judgment of the Appellate Court the defendant, the city of Chicago, has appealed, and plaintiffs complain of the deduction made by the Appellate Court, by assigning cross-errors.

The contract contained this provision: "That the said parties of the first part, for and in consideration of the payments to be made by the said city of Chicago, as hereinafter set forth, hereby covenant and agree to build and construct a water tunnel and shafts in said city, from a point on North Green street near Grand avenue, in a northwesterly direction, to a point in section 35, township 40, range 13, east of the third principal meridian, according to the terms, conditions and directions set forth in the plans and specifications hereto attached and made a part hereof, same being designated in said specifications as '3d section, eight feet internal diameter.'"

The contract provided as follows: "The said city of Chicago hereby covenants and agrees, in consideration of the covenants and agreements in this contract specified, to be kept and performed by the said parties of the first part, to pay to said parties of the first part when this contract shall be wholly carried out and completed on the part of said contractors, and when said work shall have been accepted by the said commissioner of public works, the following prices, to-wit: Shafts, ten feet internal diameter, $69.50 per lineal foot; tunnel in earth, eight feet internal diameter, $16.65 per lineal foot; tunnel in rock, eight feet internal diameter, $15.90 per lineal foot; rock excavation over and above cost of lineal foot of tunnel or shaft, $2.00 per cubic yard; cast iron in covers, etc., five cents per pound."

The principal question presented for our consideration by the record is, whether the plaintiffs were entitled to recover two dollars per cubic yard for rock excavated from the shafts and tunnel within the cross-section lines, as declared in the fourth clause of the contract as above set out, providing for payment, or whether that provision of the contract is limited to cases where the tunnel is partly in earth and partly rock. The disposition of this question involves a construction of the contract. It will be observed that the contract provides for only two kinds of tunneling,—one through earth, the other through rock. There is no clause in the contract fixing any price whatever for tunneling through a mixture of rock and earth or a mixture of any other substance. Moreover, it is a significant fact that the price per lineal foot fixed by the contract for rock excavation is seventy-five cents less than the sum to be paid for earth excavation, the former being $15.90 per lineal foot while the latter is $16.65. What explanation can be given of the fact that a less price is provided for digging through hard rock than earth, unless that clause giving two dollars per cubic yard for the rock to be excavated was intended to make up the difference? It needs no evidence to establish the fact that it costs more to tunnel through rock than earth. But if such evidence is required it will be found in the record. Jackson, the city engineer, testified: "Rock is more expensive unless you have very bad earth. Of sections 1, 2 and 3, section 3 is the most expensive, excepting at those points where they encounter quicksand. We paid an extra price for that. I should say the difference in the cost between earth and rock was from three dollars to four dollars per foot on the average material, as we find it through here. There are places where the rock would cost a good deal more than that over the earth. As to the rock being cheaper than the dirt in this contract, I cannot account for the contractors' bid." Indeed, it seems impossible to account for the contractors' bid if the theory of the city

is to be adopted. If the plaintiffs are allowed two dollars for rock excavation over and above cost of lineal foot of tunnel or shaft, they will then receive no more than reasonable pay for their work, in view of the amount ($16.65) allowed for tunneling in earth, which is not claimed to be excessive. The amount of rock taken out for every lineal foot of tunnel, as shown by the evidence of the city engineer, would be 2.65 cubic yards. At two dollars a cubic yard that would make an increase of $5.30 per lineal foot of tunnel. This amount added to the price agreed to be paid for tunneling in the rock, $15.90, will make $21.20, which is only $4.55 more than the contract price for tunneling in earth, and the engineer testified that the work in rock cost four dollars or more than the work in earth.

As has been seen, the first clause of the contract providing for payment for the work provides that $69.50 shall be paid per lineal foot for shafts ten feet internal diameter; the second, tunnel in earth, eight feet internal diameter, $16.65 per lineal foot; the third, tunnel in rock, eight feet internal diameter, $15.90 per lineal foot; the fourth, rock excavation over and above cost of lineal foot of tunnel in shaft, two dollars per cubic yard. These provisions of the contract are plain and free from ambiguity, and, giving the language used in the contract its plain and ordinary meaning, it seems evident that plaintiffs were clearly entitled to recover two dollars per cubic yard for all rock excavated, in addition to the cost of lineal foot of tunnel or shaft.

But it appears that the specifications, which are by the terms of the contract made a part thereof, contain the following provision: "When the tunnel is partly in earth and partly in rock the contractor will be paid an additional price per cubic yard for rock excavation over and above the unit price per lineal foot of tunnel in earth." And it is claimed that the fourth clause of the contract, providing for payment of rock excavation, was only intended to apply when the tunneling was partly in

rock and partly in earth. It seems that the contract was drawn on a printed form used by the city, with blanks to be filled in by writing. The clause referred to from the specifications is a part of the printed form, while that part of the contract heretofore set out providing for payment for rock excavation is written in the contract with pen and ink. The law is well settled that where a printed form is used, to be filled up by writing, the written part will control in the construction of the contract. (*American Express Co.* v. *Pinckney*, 29 Ill. 392.) In so far, therefore, as the clause in the specifications may conflict with that part of the contract in regard to rock excavation, the latter, having been written in the contract, must control. Moreover, it will be observed that plaintiff's contract calls for two kinds of excavation,—tunnel in rock and tunnel in earth,—while this provision refers to tunnel that runs partly in earth and partly in rock, and it can have no application to the plaintiffs' contract or the tunnel constructed by plaintiffs, which was wholly in rock. If, during the progress of the work, the plaintiffs should run into a formation composed partly of earth and partly of rock, and the tunnel would have to be constructed through that formation, then the clause in the specifications would apply; but that clause has no bearing whatever on a tunnel wholly in rock or wholly in earth.

There is another fact which has an important bearing on the construction of the contract. As before observed, the contract declared that plaintiffs should be paid for rock excavation over and above cost of lineal foot of *tunnel* or *shaft*, two dollars per cubic yard. Now, it is claimed on behalf of the city of Chicago that the above language of the contract is qualified by that clause of the specifications which says, "when the *tunnel* is partly in earth and partly in rock the contractor will be paid an additional price per cubic yard for rock excavation over and above the unit price per lineal foot of *tunnel in earth*."

These two provisions, upon close examination, do not seem to include the same thing. The clause in the contract includes rock excavation both in tunnel and shaft, while the specifications make provision for rock excavation in tunnel only. The clause in the specifications, as it reads, has no reference or application to rock taken from shafts, and as it cannot be applied to shafts without disregarding the plain language used, it is difficult to conceive upon what ground it can be contended the clause in the specifications was intended to limit or qualify that clause in the contract relating to rock excavated both from *tunnel* and *shaft*.

The Appellate Court, in arriving at the amount for which the plaintiffs were entitled to judgment, made a deduction from the amount they were entitled to receive on account of rock excavation at two dollars per cubic yard, of $5930.35, which plaintiffs had received from the city for "back masonry." The plaintiffs object to the deduction made, for two reasons: First, that the city did not assign error on the judgment of the circuit court disallowing this claim; and second, that such sums were paid under a mistake of law, and cannot be recovered.

In blasting the opening in the rock for the tunnel, owing to the formation of the rock the opening was in many places made larger than was required for the tunnel. This space had to be filled up with brick work, which is called "back masonry." For this work appellees had asked and received compensation up to a certain date, amounting to $5930.35. As to the first contention, it is sufficient to say that in the circuit court the city was successful, and no greater judgment was rendered than the city conceded to be correct, and hence it had nothing to complain of and no reason existed for assigning cross-errors. Nor do we think the money was paid under a mistake of law. The money was paid on the contract for work done under the contract, and it amounted to nothing more than an over-payment, which might properly be

deducted from whatever sum was due the plaintiffs for any portion of the work. The fact that the money may have been received on a claim for back masonry is a matter of no moment. If nothing was actually due plaintiffs on such a claim then they would be required to apply the money as a payment on whatever was due them under the contract.

In regard to the question whether plaintiffs are entitled to compensation for filling with masonry the space between the brick line of the tunnel and the irregular excavation of the rock, that is settled by a plain provision found in the specifications, as follows: "In every instance all spaces left between the outside of the regular brick work and the excavation shall be filled in with solid brick masonry, but no allowance will be made for such additional work and material." This is so plain that argument in support of the language used is unnecessary.

In regard to an allowance where the third ring of brick mentioned in the contract is omitted by permission of the city engineer, the Appellate Court held that no allowance should be made either party, and in this we think the court was correct. The specifications contain this provision: "When the tunnel is in rock, the brick lining may, if deemed secure by the city engineer, be reduced one ring less of brick, and in all cases the masonry shall be brought to a true circular section." If an allowance had been intended to either party where the third ring of brick should be omitted, the contract or specifications would have contained a clause on that subject.

We think the judgment of the Appellate Court was correct, and it will be affirmed.    *Judgment affirmed.*