Deemer, J.
On or about October 1, 1900, plaintiff and defendant entered into a written contract whereby plaintiff was engaged as a traveling salesman for tbe term of one year, at the agreed salary of $1,100 per year, payable in equal monthly installments. Defendant was also to pay plaintiff’s necessary and legitimate traveling expenses while engaged in the business upon itemized statements rendered. Plaintiff agreed not to be engaged or interested in any other business during his term of employment, and further stipulated that he would follow all of defendant’s instructions whether verbal, written, or printed. The contract also contained these further provisions:
If employed by you, I will faithfully and diligently, in all respects and at all times, endeavor to promote your business interests. I hereby agree that all improvements or betterments which shall occur to me during my employment, and which are applicable to any article or any manufacture,, by you or to methods of manufacture, I will fully disclose to you, and the same shall become your property. I will execute all papers to fully possess you thereof and if patentable will aid you in procuring a patent for your benefit. This contract may he cancelled by you at any time for my incompetency, dissipation, misconduct, or violation of your instructions. Should my services prove unsatisfactory at the expiration of six months from date, you are at liberty to cancel this contract and to discontinue paying salary and expenses by your giving me thirty days’ notice of such intention.
The part of this quotation in italics was written into the contract with pen and ink, the remainder of it being in print. Plaintiff claims that defendant wrongfully discharged him, without notice, on or about December 10, 1900, and that since that time and during the period covered by the contract he has been unable to earn more than $200. He further alleges that defendant had paid his salary and traveling expenses down to the time of his discharge, and that there was still due and owing him the *268 sum of $616.67. Defendant admitted the making of the contract, and that it had paid plaintiff his salary and traveling expenses down to December 1, 1900. It also alleged that it had advanced to plaintiff the sum of $100 over and above his salary and expenses for the time he worked, and it asked judgment for that amount against plaintiff. It also alleged that it discharged plaintiff at or about the time stated for incompetency, dissipation, misconduct, and violation of instructions, and that it is not indebted to him in any amount whatever. Plaintiff admitted the receipt of the $100 referred to in defendant’s answer, but said he used it as salary and for traveling expenses. Upon these issues the case was tried to a jury, resulting in a verdict for plaintiff in the sum of $729.19. Defendant filed a motion for a new trial, and, upon the submission thereof, the trial court made the following order: “ This cause coining on for hearing on the motion of defendant for a new trial, it was ordered that unless plaintiff shall, within 30 days, remit the amount allowed by the jury for the last five months of the year of employment, which amount, with interest, the court finds, after allowing credit for moneys earned during that period, to be the sum of $328.04, a new trial shall be granted on the ground that the court erred in submitting the question to the jury as to the right of plaintiff to recover for the said last five months.” Plaintiff thereupon filed a remittitur, and judgment was rendered against defendant for the sum of $348.16. Defendant thereupon appealed.
Several propositions are relied upon for a reversal, to the more important of which we shall refer. It will be noticed that defendant did not plead a discharge by reason of the unsatisfactory character of plaintiff’s services, but that its alleged ground for discharge was plaintiff’s incompetency, misconduct, and violation of instructions. Defendant introduced testimony to support its right to discharge, and was clearly entitled to have that matter submitted to the jury. Indeed, that was the main issue in the case. Instead *269 of doing so, the trial court submitted the case to the jury on the theory that defendant was relying upon a discharge by reason of the unsatisfactory character of plaintiff’s services after he had been in defendant’s employ for the term of six months. We cannot better state the views of the trial court than to quote from its instructions the following:
(3) You are instructed that, under the contract between plaintiff and defendant, identified as Exhibit 1, and the evidence in the case, the plaintiff is entitled to his salary under said contract for October and November, 1900, which it appears from the undisputed 'evidence he has already received, and, in addition thereto, he is entitled to recover his salary under said contract for the period of 4 months and 30 days from December 1, 1900, provided, however, that from such sum which plaintiff is entitled to recover for such period of 4 months and 30 days you will deduct such sum as you find from the evidence,' by a preponderance thereof, plaintiff earned or might have earned elsewhere by reasonable industry and diligence on his part during said period of 4 months and 30 days. . . . (4) Erom the evidence and admissions of the parties it appears, without controversy, that the defendant is entitled to recover of the plaintiff the sum of $100 on his counterclaim. (5) By the terms of the contract between plaintiff and defendant, which said contract was for a period of one year, it is provided that after the expiration of 6.months and 30 days of said period, should the services of plaintiff prove unsatisfactory to the defendant, the defendant might cancel said contract by notice therefor to the plaintiff. It appears from the evidence, without controversy, that notice of the cancellation of said contract was given by defendant to the plaintiff, and you will accept as established the fact that such notice so given was due and proper for said purposb under said contract. You will inquire and determine whether plaintiff’s services did prove unsatisfactory to the defendant within the meaning of said contract so as to entitle the defendant to cancel said contract. on such notice, and in this connection you are instructed that to entitle the defendant to cancel said contract on said ground plaintiff’s services must have been in fact unsatisfactory. If defendant canceled such contract for *270 said reason, then plaintiff cannot recover anything thereunder for the period covered by said contract in excess of the salary agreed to be paid thereunder for the 4 months and 30 days following the 1st day of December, 1900. If, however, defendant canceled said contract without such reason, then for the period covered by said contract after the expiration of 4 months, and 30 days from the 1st day of December, 1900, plaintiff will be entitled to recover his salary under said contract, provided, however, that in that event there shall be deducted therefrom such sum as you find from the evidence, by a preponderance thereof, plaintiff earned, or might have earned by reasonable industry and diligence on his part, during such period. The burden is upon the defendant to prove, by a preponderance of the evidence, that it canceled said contract because plaintiff’s services were unsatisfactory, and also to prove what amount plaintiff earned, or by the exercise of reasonable industry and diligence might have earned, elsewhere during the period covered by said contract, after the expiration of 4 months and 30 days from December 1, 1900.
1. contracts-construction. Manifestly these instructions did not meet the issues in the case, nor can they be sustained unless we find that the written part of the contract superseded the printed, or that the error in the instructions was without prejudice to appellant. There is no such conflict between the two parts of the contract as to justify a holding that the written part should govern. The rule contended for by appellee, that the written part of a contract is to prevail- over the printed, does not apply unless the provisions are irreconcilable. If possible the twro parts will be construed together. Heiple v. Reinhart, 100 Iowa, 525; Hagan v. Insurance Co., 186 U. S. 423 (22 Sup. Ct. 862, 46 L. Ed. 1229); Thornton v. Railroad, 84 Ala. 109 (4 South. 197, 5 Am. St. Rep. 337); Chicago v. Weir, 165 Ill. 582 (46 N. E. 725); Mansfield Wks. v. Council of Lowell, 62 Mich. 546 (29 N. W. 105); Gilbert v. Stockman, 76 Wis. 62 (44 N. W. 845); Hardie v. Oil Mill (Miss.), 36 South. 262.
*271 3. master and SERVANT *. discharge: of issues. In the contract now before ns there is no snch conflict as to justify an application of the rule. The right to discharge under the printed part is for specific causes to be shown, while the right under the written - part is simply for unsatisfactory services, upon notice. No cause need be shown under the latter clause save that defendant was not, in good faith, satisfied with plaintiffs work. The trial court evidently overlooked this distinction, and held in effect that defendant could not discharge the plaintiff until the expiration of six months, and that plaintiff would' then be entitled to work for the thirty-day period required for the giving of notice. This was clearly erroneous. The jury was not allowed to pass upon the question as to whether or not plaintiff’s discharge before the expiration of six months was for good cause shown. It was told in effect not to consider that question.
Appellee’s proposition that no prejudice resulted to defendant because plaintiff was, under the evidence, entitled to recover all which he had judgment for, we do not exactly understand. He starts in with the assumption that he could not be discharged for any reason prior to the expiration of six months, and, with this for a basis, undertakes to figure out that he was entitled to recover something like $358.86. But this is based upon the assumption that defendant had no defense whatever, and is further erroneous in that it fails to consider the earnings of plaintiff during the time in question. The latter amounted to something-like $130 so that in no event can the verdict be sustained. The case should have been submitted upon the issues as presented, and not upon a theory for which there was no pleading.
II. In stating the issues to the jury, the trial court erred in fixing the time covered by plaintiff’s contract. We should not reverse on this ground alone, but call attention to the matter in order that the error may not be repeated. Cer *272 tain other errors were made in dates which, of course, wall not be repeated upon a retrial.
8 Notice oe DISCHARGE. III. We are also of opinion that the trial court was in error in instructing that plaintiff could not be discharged under the written provision of the contract until thirty days after the expiration of six months. The notice might have been given before the expiration of the six months’ period, to become effective at that time. McLain v. Calkins, 77 Iowa, 468; Drain v. Jacks, 77 Iowa, 629.
4. Discharge of servant : submission of issues. IY. The instructions quoted were also wrong in submitting the question to the jury as to whether or not plaintiff’s services were in fact unsatisfactory. A jury may have inferred from this that it was to determine the character of the service as to being satisfactory or otherwise. If defendant was in good faith dissatisfied, that was sufficient although its dissatisfaction may have been unreasonable. Inman Mfg. Co. v. Am. Cereal Co., 124 Iowa, 737, and cases cited. See also, Allen v. Mutual Co., 101 Ala. 574 (14 South. 362).
Y. The remittitur was evidently for the last five months covered by the contract, but that does not cure the errors above referred to.
We need not consider the other points relied upon as they are either immaterial or are not likely to arise if the case is again tried. But for the errors already pointed out, the judgment must be, and it is, reversed.